*414 Lanzinger, J.
I
{¶ 1} This appeal asks us to once again determine whether two separate crimes are considered allied offenses of similar import pursuant to R.C. 2941.25. For the following reasons, we hold that the crimes of kidnapping (R.C. 2905.01(A)(2)) and aggravated robbery (R.C. 2911.01(A)(1)) are allied offenses.
II
{¶ 2} Defendant, Davon Winn, with two accomplices, entered the apartment of the victim of his crimes using a pry bar. One of the men entered brandishing a gun, which he pointed at the victim while ordering her to return to her bedroom. The man had her lie on the bed and cover her face with a pillow. He pushed the gun against her head through the pillow and demanded money. The apartment was ransacked until the police arrived.
{¶ 3} A neighbor called the police after he heard banging on the victim’s apartment door and, through his peephole, saw the men prying open the door. Realizing the police had arrived, the three men hid their two guns, gloves, a mask, and the pry bar in the apartment. When police ordered the men out of the apartment, Winn’s two accomplices complied, but he stayed behind until the police entered the apartment to arrest him.
{¶ 4} Winn was convicted by jury of aggravated robbery, aggravated burglary, and kidnapping, with each including a firearm specification, and three counts of tampering with evidence. The trial court sentenced him to ten years in prison, which included separate seven-year sentences for the aggravated robbery and kidnapping convictions, to be served concurrently. Upon Winn’s appeal of his convictions and sentence, the court of appeals held that kidnapping and aggravated robbery are allied offenses of similar import and that the convictions must be merged. State v. Winn, 173 Ohio App.3d 202, 2007-Ohio-4327, 877 N.E.2d 1020, ¶ 34. The court therefore vacated the separate sentence on the kidnapping conviction. Id. at ¶ 35.
{¶ 5} We accepted the discretionary cross-appeal of the cross-appellant, state of Ohio,- on two propositions of law: (1) “Any inquiry into the appropriateness of cumulative punishments imposed for multiple offenses under Ohio’s multiple count statute must end when the statutory elements of the offenses, compared in the abstract, do not correspond to such a degree that the commission of one offense will necessarily result in the commission of the other” and (2) “Ohio’s multiple count statute offers no protection from cumulative punishments for aggravated robbery and kidnapping because they are not allied offenses of *415 similar import.” Because these propositions are related, we consider both together.
Ill
{¶ 6} As the court discussed in State v. Rance (1999), 85 Ohio St.3d 632, 635, 710 N.E.2d 699, whether cumulative punishments for two separate offenses stemming from the same conduct violate the Double Jeopardy Clause is determined by the legislative intent found in R.C. 2941.25, Ohio’s multiple-count statute. The statute “ ‘is a clear indication of the General Assembly’s intent to permit cumulative sentencing for the commission of certain offenses,’ ” which “precludes an ‘unconstitutional’ label.” Id. at 635-636, 710 N.E.2d 699, quoting State v. Bickerstaff (1984), 10 Ohio St.3d 62, 66, 10 OBR 352, 461 N.E.2d 892, fn. 1.
{¶ 7} R.C. 2941.25 provides:
{¶ 8} “(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
{¶ 9} “(B) Where the defendant’s conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.”
{¶ 10} We have said that the application of this statute involves a two-tiered analysis. State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 18, citing State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 14. “ ‘In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant’s conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.’ ” (Emphasis sic.) Id. at ¶ 19, quoting State v. Blankenship, 38 Ohio St.3d 116, 117, 526 N.E.2d 816. The state’s propositions of law do not challenge the appellate court’s determination that Winn did not have a separate animus for the kidnapping and aggravated robbery, so we need not address that issue.
{¶ 11} In Rance, 85 Ohio St.3d at 637-638, 710 N.E.2d 699, we held that the first step for determining whether two offenses are allied offenses of similar *416 import requires comparing the statutory elements in the abstract, rather than comparing the offenses as charged in a particular indictment. Recently, however, we cautioned that the Ranee test had been mistakenly applied in a narrow way by several courts: “[N]owhere does Ranee mandate that the elements of compared offenses must exactly align for the offenses to be allied offenses of similar import under R.C. 2941.25(A). To interpret Ranee as requiring a strict textual comparison would mean that only where all the elements of the compared offenses coincide exactly will the offenses be considered allied offenses of similar import under R.C. 2941.25(A).” (Emphasis sic.) Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶22.
{¶ 12} We rejected a'“strict textual comparison” and stated, “Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import.” Id. at ¶ 26. Cóbrales explained that elements need not be identical for offenses to be allied.
{¶ 13} Turning to the elements of the offenses involved in this case, we note that R.C. 2905.01 defines kidnapping as follows:
{¶ 14} “(A) No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
{¶ 15} “ * * *
{¶ 16} “(2) To facilitate the commission of any felony or flight thereafter.”
{¶ 17} R.C. 2911.01 defines aggravated robbery as follows:
{¶ 18} “(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
{¶ 19} “(1) Have a deadly weapon on or about the offender’s person or under the offender’s control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.
{¶ 20} “ * * * ”
{¶ 21} In essence, the elements to be compared in the abstract are the restraint, by force, threat, or deception, of the liberty of another to “facilitate the commission of any felony” (kidnapping, R.C. 2905.01(A)(2)) and having “a deadly weapon on or about the offender’s person or under the offender’s control and either displaying] the weapon, brandishing] it, indicating] that the offender possesses it, or us[ing] it” in attempting to commit or committing a theft offense (aggravated robbery, R.C. 2911.01(A)(1)). It is difficult to see how the presence of a weapon that has been shown or used, or whose possession has been made known to the victim during the commission of a theft offense, does not also *417 forcibly restrain the liberty of another. These two offenses are “so similar that the commission of one offense will necessarily result in commission of the other.” Cobrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, paragraph one of the syllabus. They meet the test for allied offenses as it was refined by Cabrales.
{¶ 22} Holding that kidnapping and aggravated robbery are allied offenses is also in keeping with 30 years of precedent. State v. Logan (1979), 60 Ohio St.2d 126, 130, 14 O.O.3d 373, 397 N.E.2d 1345, has been considered authority for the proposition that kidnapping and robbery are allied offenses of similar import. State v. Jenkins (1984), 15 Ohio St.3d 164, 198, 15 OBR 311, 473 N.E.2d 264, fn. 29 (pre-Rance case, citing Logan for proposition that “implicit within every robbery (and aggravated robbery) is a kidnapping”); State v. Fears (1999), 86 Ohio St.3d 329, 344, 715 N.E.2d 136 (kidnapping specification merges with aggravated-robbery specification unless the offenses were committed with a separate animus); State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 204, citing Jenkins, 15 Ohio St.3d at 198, 15 OBR 311, 473 N.E.2d 264, fn. 29 (“kidnapping is implicit within every aggravated robbery”); Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 18, 25.
{¶ 23} In Logan, this court concluded: “It is clear from the plain language of the statute that no movement is required to constitute the offense of kidnapping; restraint of the victim by force, threat, or deception is sufficient. Thus, implicit within every forcible rape (R.C. 2907.02[A][1]) is a kidnapping. The same may be said of robbery (R.C. 2911.02), and, under certain circumstances, of felonious assault (R.C. 2903.11).” 60 Ohio St.2d 126, 130, 14 O.O.3d 373, 397 N.E.2d 1345.
{¶ 24} Nor are we persuaded by the state’s purse-snatcher or shoplifter scenarios. These examples lapse into the strict textual comparison that this court rejected in Cóbrales. We would be hard pressed to find any offenses allied if we had to find that there is no conceivable situation in which one crime can be committed without the other.
IV"
{¶ 25} When analyzed in the abstract, the crime of kidnapping, defined by R.C. 2905.01(A)(2), and the crime of aggravated robbery, defined by R.C. 2911.01(A)(1), are allied offenses of similar import pursuant to R.C. 2941.25. The appellate court properly merged Winn’s kidnapping conviction into his aggravated-robbery conviction and vacated the separate sentence imposed on the kidnapping charge. Accordingly, we affirm the judgment of the court of appeals.
Judgment affirmed.
Pfeifer, Lundberg Stratton, and O’Donnell, JJ., concur.
Moyer, C.J., and O’Connor and Cupp, JJ., dissent.