Cupp, J.,
concurring.
{¶ 28} I continue to have serious concern with the majority’s reliance upon State v. Winn, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154. I joined the dissent in Winn because I believed that the majority’s gloss on State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, was likely to generate *379 increased confusion among the trial and appellate courts on the issue of when offenses are allied offenses of similar import under R.C. 2941.25.
{¶ 29} The dissent in Winn pointed out that applying the Cóbrales test still required that “ ‘if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import.’ (Emphasis added.)” State v. Winn at ¶27 (Moyer, C.J., dissenting), quoting State v. Cobrales at ¶ 26. As the Chief Justice’s dissent noted, the Winn majority opinion amounted to “a rewriting of the Cóbrales test,” and “[ijnstead of requiring that the commission of one offense necessarily results in the commission of the other, the [Winn opinion] requires that the commission of one offense probably results in the commission of the other.” (Emphasis sic.) State v. Winn at ¶ 32, 33. Winn, in my view, introduced an element of probability into an already difficult-to-apply test involving a reasoned search for hypotheticals.
{¶ 30} While the Cóbrales test looked to the language of the statutes at issue to determine whether commission of one offense necessarily resulted in commission of the other offense, Winn requires a subjective determination about when hypothetical alternative ways of committing a crime are so unlikely to occur that they are improbable and, therefore, insufficient to defeat a conclusion that the crimes are allied offenses under R.C. 2941.25. See State v. Winn, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, ¶ 24 (“We would be hard pressed to find any offenses allied if we had to find that there is no conceivable situation in which one crime can be committed without the other”). The Winn approach — determining whether commission of one offense probably results in commission of the other— requires a subjective determination about which reasonable minds are likely to differ.
{¶ 31} In this case, comparing the elements of the aggravated robbery and robbery statutes at issue, committing aggravated robbery under R.C. 2911.01(A)(1) will not necessarily result in commission of robbery under R.C. 2911.02(A)(2). This is similar to Winn, in which there were several ways in which an aggravated robbery could be committed without a kidnapping also being committed, as the dissent in that case noted. Id. at ¶ 29 (Moyer, C.J., dissenting).
{¶ 32} Because Winn garnered the support of a majority of this court for its holding, it is now the controlling law on this issue. Only case-by-case experience, as courts attempt to apply the decision in Winn, will determine whether it was a wise decision. But until experience sheds its guiding light, I am bound by the principle of stare decisis. Therefore, I reluctantly concur.
O’Connor, J., concurs in the foregoing opinion.
*380 Joseph T. Deters, Hamilton County Prosecuting Attorney, and James Michael Keeling, Assistant Prosecuting Attorney, for appellee.
Theresa G. Haire, Assistant Public Defender, for appellant.