The STATE of Ohio, Appellee,

v.

BARKLEY, Appellant.

[Cite as State v. Barkley, 185 Ohio App.3d 686, 2009-Ohio-5549.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–223.

Decided Oct. 20, 2009.

Ron O'Brien, Franklin County Prosecuting Attorney, and Kimberly Bond, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Public Defender, and Melissa M. Prendergast, for appellant.

TYACK, Judge.

{¶ 1} Dominic Barkley is appealing from his multiple felony convictions following a court trial. He assigns three errors for our consideration:

ASSIGNMENT OF ERROR I:

The trial court committed plain error by convicting and sentencing Mr. Kimbrough [sic] to separate, concurrent sentences on his two offenses, after it had already determined that they were allied offenses. That error contravened clearly established law under R.C. 2941.25(A), longstanding precedent, and Mr. Kimbrough's [sic] state and federal constitutional rights regarding due process and double jeopardy.

ASSIGNMENT OF ERROR II:

The trial court erred by imposing court costs without notifying Mr. Barkley that failure to pay court costs may result in the court's ordering him to perform community service.

ASSIGNMENT OF ERROR III:

An indictment for a count of aggravated robbery under R.C. 2911.01(A)(1) must contain the mens rea of recklessness with regard to the element of either displaying, brandishing, indicating the possession of, or using a deadly weapon.

{¶ 2} In the first assignment of error, counsel for Barkley argues that Barkley was convicted of allied offenses of similar import in violation of R.C. 2941.25(A), which reads:

Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 3} Specifically, counsel asserts that Barkley should not have been convicted of both aggravated robbery and kidnapping with respect to each of the two victims. To properly address this assignment of error, we must address the underlying facts of Barkley's crimes.

{¶ 4} Barkley broke into a motel room occupied by Kevin Clark and Eve Lauber. Barkley was armed with a firearm. He fought with Clark, who attempted to take the gun away. Barkley ordered the two victims to sit down, and then he used duct tape to restrain them. Barkley stole their credit cards and cash. He also eventually stole their car.

{¶ 5} The two victims were restrained only briefly. They were held duct-taped to chairs for approximately 45 minutes while Barkley apparently waited for a ride from another person. When no one else showed up, Barkley used their car to flee. He left them still duct-taped to their chairs.

{¶ 6} Kidnapping is defined by R.C. 2905.01(A)(2) and (3) as follows:

No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

\* \* \*

(2) To facilitate the commission of any felony or flight thereafter;

(3) To terrorize, or to inflict serious physical harm on the victim or another.

{¶ 7} Aggravated robbery is defined by R.C. 2911.01(A)(1) and (2):

No person, in attempting or committing a theft offense, as defined in *section 2913.01 of the Revised Code,* or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

(2) Have a dangerous ordnance on or about the offender's person or under the offender's control.

(Emphasis added.)

{¶ 8} In many situations, the statutes overlap to a significant degree. It is very difficult to rob someone without at least briefly restraining them of their liberty. As a result, the Supreme Court of Ohio held in *State v. Winn,* 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, that the offenses can be allied offenses of similar import. However, *Winn* does not stand for the principle that the two offenses are automatically allied offenses of similar import, especially when, as here, the restraint is lengthy and continues after the aggravated robbery is completed. Thus, the Supreme Court directed the following analysis:

" 'In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.' "

(Emphasis sic.) Id., quoting *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 19, quoting *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.

{¶ 9} Technically, Barkley was guilty of several robberies, not just the two for which he was convicted. The theft of the credit cards and cash had occurred before Barkley stole the car. The restraint continued long after the first theft. Barkley's case simply does not present a situation in which allied offenses of similar import have occurred. The trial court was correct to convict Barkley of both kidnapping and aggravated robbery as to each victim. R.C. 2941.25(A) did not compel a different result.

{¶ 10} The first assignment of error is overruled.

{¶ 11} In the second assignment of error, counsel for Barkley argues that the trial court should have advised Barkley that he risked being required to perform community service if he failed to pay court costs.

{¶ 12} Barkley was sentenced to a term of incarceration of 15 1/2 years. Because a firearm was involved and because the aggregate sentence exceeded ten years, Barkley will have to serve the full 15 1/2 years unless the legislature changes the sentencing statute and good-time provisions of the Ohio Revised Code. The state of Ohio will have over 15 years to garnish Barkley's inmate account or Barkley will have over 15 years to pay his court costs voluntarily. As long as Barkley remains incarcerated, and the trial court does not impose an order of community service, the issue is not ripe for review. Accord *State v. Throckmorton*, 4th Dist. No. 08CA17, 2009-Ohio-5344, 2009 WL 3213500, ¶ 60; *State v. Kearse*, 3rd Dist. No. 17–08–29, 2009-Ohio-4111, 2009 WL 2489242, ¶ 15; *State v. Nutter*, 12th Dist. No. CA2008–10–009, 2009-Ohio-2964, 2009 WL 1743712, ¶ 12. Under the circumstances, we cannot say that Barkley was harmed when the trial court judge did not literally comply with R.C. 2947.23(A)(1), which reads:

> In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under *section 2947.231 of the Revised Code*, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:
>
> (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
>
> (b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

(Emphasis added.)

{¶ 13} Since Barkley's trial counsel did not request the trial court to admonish Barkley about the risk of community service, we are functioning under a plain-error standard. No plain error occurred.

{¶ 14} The second assignment of error is overruled.

{¶ 15} The third assignment of error asserts that the indictment charging Barkley with aggravated robbery was defective because the indictment did not allege the culpable mental state of recklessness with respect to Barkley's brandishing of a firearm.  This court has consistently rejected this argument with respect to indictments charging aggravated robbery.  See *State v. Mickens,* 10th Dist. No. 08AP–743, 2009-Ohio-2554, 2009 WL 1526918; *State v. Davis,* 10th Dist. No. 08AP–443, 2009-Ohio-1375, 2009 WL 790413; and *State v. Ferguson,* 10th Dist. No. 07AP–640, 2008-Ohio-3827, 2008 WL 2932005.  We see no reason to change our view on this issue and therefore follow our earlier cases.

{¶ 16} The third assignment of error is overruled.

{¶ 17} All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

FRENCH, P.J., and BROWN, J., concur.