The **STATE** of Ohio, Appellee,

v.

**GAMBLE**, Appellant.

[Cite as *State v. Gamble*, 191 Ohio App.3d 331, 2010-Ohio-6288.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–090876.

Decided Dec. 22, 2010.

332

**334**

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for appellee.

Christine Y. Jones, for appellant.

---

HILDEBRANDT, Presiding Judge.

{¶ 1} Defendant-appellant, Johnny Gamble, appeals the judgments of the Hamilton County Court of Common Pleas convicting him of rape, kidnapping, aggravated robbery, and felonious assault, with specifications. He was convicted after a bench trial.

### Gamble's Revenge

{¶ 2} This case is about an alleged plot on the part of Gamble and his co-defendant, Kelvin Lovett, to ensnare and sexually assault Tyson Crawford.

{¶ 3} Gamble and Crawford were friends who had a sexual relationship. Their relationship ended when Crawford stole Gamble's cellular telephone. Gamble confronted Crawford about the theft on two occasions, with one of the confrontations ending only after police arrived.

{¶ 4} Some time later, Crawford came into contact with Lovett on an Internet chat website on which Crawford used the nickname "Misfit_homie." After a number of online conversations, the two agreed to meet and go to Lovett's apartment. Lovett picked up Crawford and took him to his apartment, using a circuitous route.

{¶ 5} Shortly after arriving at Lovett's apartment, the men went to Lovett's bedroom. Crawford testified that after he had partially disrobed, Gamble sprang from the bedroom closet brandishing a handgun. Gamble stated, "Didn't I tell you that I was going to get you?" When Crawford attempted to leave, Gamble pointed the gun at his face, and Lovett hit him in the arm with a baseball bat.

{¶ 6} Gamble and Lovett then immobilized Crawford and gagged him with a pair of socks. Crawford testified that the pair had taken turns raping him and that while one was committing a rape, the other was videotaping the assault. According to Crawford, neither man had worn a condom. At some point during the ordeal, Gamble and Lovett stole Crawford's wallet and his cellular telephone.

{¶ 7} Crawford testified that after the rapes, Gamble and Lovett had forced him to take a shower. Then, they blindfolded him and placed him in the trunk of a car. They drove him to a street near his home, where they abandoned him. Crawford was examined at a hospital, where medical personnel documented injuries to his face and to his rectum.

{¶ 8} When the police searched Lovett's bedroom, they found a jar of petroleum jelly and two baseball bats. A search of Gamble's car revealed two video cameras, and a search of his residence yielded a note on his computer stating, "Misfit_homie, who phone stolen, Johnny." Telephone texts from Gamble to Lovett on the night of the alleged offenses included Gamble's instruction for Lovett to "[m]ake sure you get him out his clothes before I come out."

{¶ 9} At trial, the state presented tapes of telephone calls that Lovett had made from jail to Gamble's daughter, Jonita Gamble. In those calls, Lovett instructed Jonita to erase portions of the videotape of the sexual conduct before giving the tape to the police. The expurgated videotape, which was played at trial, nonetheless portrayed what appeared to be forced sexual conduct. A series of photographs similarly depicted the apparent rape of Crawford.

{¶ 10} In a taped telephone conversation from Gamble to Jonita, Gamble stated that he had been diagnosed as having human immunodeficiency virus ("HIV").

The state also presented results of a medical test indicating that Gamble had HIV.

{¶ 11} Gamble rested without presenting any evidence at trial. Lovett did testify, conceding that sexual conduct had occurred but contending that the conduct had been consensual. The trial court found both men guilty and sentenced Gamble to an aggregate prison term of 20 years.

## Alleged Defect in the Indictment

{¶ 12} In his first assignment of error, Gamble now argues that his conviction for felonious assault under R.C. 2903.11(B)(1) was improper because the indictment failed to allege a mens rea element of the crime.

{¶ 13} This assignment of error is without merit. R.C. 2903.11(B)(1) provides, "No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall knowingly * * * [e]ngage in sexual conduct with another person without disclosing that knowledge to the other person prior to engaging in the sexual conduct."

{¶ 14} In this case, the indictment specified that Gamble had engaged in sexual conduct with the knowledge that he had been diagnosed as HIV-positive. Although the indictment did not specifically state that he had knowingly engaged in the sexual conduct itself, there was ample evidence that he had acted purposely in raping Crawford. In the context of a bench trial, we cannot say that Gamble was prejudiced.[1] We overrule the first assignment of error.

## Gamble's Failure to Testify

{¶ 15} In his second assignment of error, Gamble argues that the trial court erred by considering his failure to testify in finding him guilty. In support of his argument, Gamble cites comments that the trial court made at the sentencing hearing. At that hearing, the court stated, "I looked at every piece of evidence. Considered everything that was presented on your behalf. There is not one doubt in my mind about your guilt. The evidence, to me, was overwhelming, it was compelling. The statements you're making now is [sic] a statement you're making before people that are in the courtroom. But at trial you made no statement whatsoever. Not at all."

{¶ 16} We find no merit in Gamble's argument. A trial court is presumed to consider only relevant evidence,[2] and the trial court in this case emphasized that the evidence against Gamble was overwhelming.

---

1. See *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, ¶ 8, reconsidering *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917.

2. See *State v. Fautenberry* (1995), 72 Ohio St.3d 435, 439, 650 N.E.2d 878.

{¶ 17} The trial court's comments about Gamble's silence, taken in context, were not inappropriate. The court was merely voicing its displeasure with Gamble's disingenuous statements during sentencing—in the presence of his family members—after he had failed to make any statement under oath. Because the trial court directed its comments toward Gamble's apparent failure to take responsibility for his crimes, and not at his failure to testify, we cannot say that he was denied a fair trial. Therefore, we overrule the second assignment of error.

## Sufficiency and Weight of the Evidence

{¶ 18} In his third, fourth, and fifth assignments of error, Gamble argues that his convictions were based on insufficient evidence and were against the manifest weight of the evidence.

{¶ 19} In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice in finding the defendant guilty.[4]

{¶ 20} We have already set forth the elements of the felonious-assault statute under which Gamble was convicted. The rape statute, R.C. 2907.02(A)(2), provides, "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." The kidnapping statute, R.C. 2905.01(B)(2), states, "No person, by force, threat, or deception * * * shall knowingly[,] * * * under circumstances that create a substantial risk of serious physical harm to the victim * * * [r]estrain another of the other person's liberty." R.C. 2911.01(A)(1), governing aggravated robbery, states, "No person, in attempting or committing a theft offense * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

{¶ 21} In the case at bar, the convictions were in accordance with the evidence. Crawford's testimony established that Gamble and Lovett had held

---

3. (Emphasis omitted.) *State v. Waddy* (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.

4. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.

him captive at gunpoint and then forced him to engage in sexual conduct. After the rapes, the pair stole Crawford's property and drove him a significant distance in the trunk of a car. Crawford's testimony was corroborated by videotaped evidence, by photographs of his injuries, and by the physical evidence collected from the residences of Gamble and Lovett. The state further demonstrated that Gamble had knowingly engaged in the sexual conduct with the knowledge that he was HIV-positive.

{¶ 22} Gamble points to certain evidence, such as the testimony of Lovett, in support of his argument that the sexual conduct was consensual and that Crawford had fabricated the crimes. But we cannot say that the trial court lost its way in finding Gamble guilty, and we accordingly overrule the third, fourth, and fifth assignments of error.

### Sentencing

{¶ 23} In his sixth assignment of error, Gamble contends that the 20–year aggregate sentence is excessive.

{¶ 24} Under *State v. Foster*,[5] a trial court has full discretion to impose a sentence within the applicable statutory range.[6] A reviewing court must first determine whether the sentence was clearly and convincingly contrary to law.[7] If the sentence was not contrary to law, the appellate court then reviews the sentence under an abuse-of-discretion standard.[8] Where the trial court does not explicitly put on the record its consideration of applicable sentencing statutes, it is nonetheless presumed that the court properly considered those statutes.[9]

{¶ 25} In this case, the aggregate sentence resulted from terms of confinement for the component offenses that were within the statutory range, and the trial court did not abuse its discretion. Gamble planned and participated in a series of crimes that involved the prolonged torture of Crawford. His criminal record included 12 felony convictions and four prior prison terms. Under these circumstances, the 20–year sentence was not arbitrary, unreasonable, or unconscionable. We overrule the sixth assignment of error.

---

5. 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

6. Id. at paragraph seven of the syllabus.

7. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14–17.

8. Id.

9. Id. at fn. 4.

## Allied Offenses of Similar Import

{¶ 26} In the seventh and final assignment of error, Gamble contends that the trial court erred in imposing separate sentences for a number of offenses on the ground that they were allied offenses of similar import.

{¶ 27} He first argues that kidnapping was an allied offense of aggravated robbery and rape.

{¶ 28} The commission of a robbery necessarily entails the restraint of the victim's liberty for a sufficient amount of time to complete the robbery.[10] Similarly, the commission of a rape necessarily requires restraint sufficient to commit that offense.[11] But where the restraint is prolonged, the confinement is secretive, or the movement is so substantial as to demonstrate a significance apart from the other offense, there exists a separate animus to support convictions for all three offenses.[12]

{¶ 29} In this case, the state demonstrated a separate animus for the kidnapping offense. Gamble and Lovett did not merely restrain Crawford during the rapes and the aggravated robbery. They forced him into the trunk of a car and transported him miles from where the rapes had occurred. This prolonged restraint and substantial movement warranted the separate sentence for kidnapping.

{¶ 30} Gamble also argues that kidnapping and felonious assault are allied offenses.

{¶ 31} We find no merit in the assignment. The elements of kidnapping and felonious assault under R.C. 2903.11(B)(1) do not align to the extent that the commission of one will necessarily result in the commission of the other.[13] The kidnapping charge required proof that the victim had been restrained, while the felonious-assault charge required proof that the offender had engaged in sexual conduct knowing that he was HIV-positive. And in this case, the offenses were committed with a separate animus. Once again, the prolonged restraint and substantial asportation of Crawford demonstrated a significance apart from the sexual conduct that gave rise to the conviction for felonious assault.

---

10. *State v. Logan* (1979), 60 Ohio St.2d 126, 131, 14 O.O.3d 373, 397 N.E.2d 1345.

11. *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, syllabus.

12. *Logan*, syllabus. See also *State v. Garrett*, 1st Dist. No. C–090592, 2010-Ohio-5431, 2010 WL 4514267, ¶ 51.

13. See generally *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, paragraph one of the syllabus.

■ {¶ 32} Finally, Gamble argues that rape under R.C. 2907.02(A)(2) and felonious assault under R.C. 2903.11(B)(1) are allied offenses.

{¶ 33} This argument is without merit. The elements of the two crimes do not correspond to the extent that one offense will necessarily result in the other.[14] Rape in this case required proof of force, whereas the felonious-assault charge required the state to prove that Gamble had engaged in sexual conduct knowing that he was HIV-positive.

{¶ 34} And in any event, the state demonstrated a separate animus for felonious assault in this case by presenting evidence that Gamble had intended to inflict harm beyond the trauma associated with the rapes. Gamble failed to wear a condom while raping Crawford, and the virulence of his animosity toward Crawford permitted the inference that he had intended to expose him to HIV. Therefore, we overrule the seventh assignment of error.

## Conclusion

{¶ 35} We affirm the judgments of the trial court.

Judgments affirmed.

SUNDERMANN and HENDON, JJ., concur.