HELENE N. WHITE, Circuit Judge.
Concurring in part. I agree that the question whether double punishment for aggravated robbery and attempted kidnapping violates the federal double jeopardy protection is answered by reference to the Ohio legislature’s intent, and that the Ohio legislature’s intent is to be determined by the Ohio Supreme Court. I also agree that AEDPA circumscribes our analysis. However, I do not agree that habeas relief in this context depends on the state court’s direct statement that although the state legislature did not intend double punishment, it is nevertheless permissible, as the majority seems to hold in paraphrasing the language of McCloud v. Deppisch, 409 F.3d 869, 876 (7th Cir.2005). If it were clear that State v. Winn, 121 Ohio St.3d 413, 905 N.E.2d 154 (2009), expressed the Ohio Supreme Court’s interpretation of the *216 Ohio legislature’s intent regarding whether aggravated robbery and attempted kidnapping are allied offenses of similar import as of the time Jackson’s direct appeal was decided, and if it were clear that the Ohio courts determined that Jackson had committed both offenses with the same animus, I would conclude that the Ohio court decision is contrary to clearly established federal law in that it would be clear that the legislature did not intend double punishment be permitted by the Ohio court.
It is not clear that Winn simply stated the law as it always had been. In Volpe v. Trim, 708 F.3d 688 (6th Cir.2013), we rejected the argument that Ohio Rev.Code § 2941.25 has always had the same meaning and therefore if State v. Rance, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), incorrectly interpreted the statute, as the Ohio Supreme Court held in State v. Johnson, 128 Ohio St.3d 153, 942 N.E.2d 1061, 1062 (2010), then Volpe’s constitutional right to be free from double jeopardy was violated when she was doubly punished where the legislature did not so intend. We held instead that the Ohio legislature left it to the Ohio Supreme Court to give meaning to the term “allied offenses of similar import,” and the meaning ascribed to that phrase by the court has changed over time. Volpe, 708 F.3d at 702. Here, although the Winn court stated that its decision “was in keeping with 30 years of precedent,” Winn, 905 N.E.2d at 158, the cases cited by the court were primarily pre-Rance cases, and none analyzed the elements of kidnapping and aggravated robbery to determine whether they were allied offenses of similar import. When Winn is compared to Ranee and the cases leading up to Winn, it cannot be said that Winn clearly stated the Ohio Supreme Court’s view of the applicability of § 2941.25 to aggravated robbery and kidnapping at the time Jackson’s direct appeal was decided.
Additionally, § 2941.25 also asks the question whether the defendant committed both offenses with the same animus. In Winn, the court expressly stated that it was not contested that Winn did not have a separate animus for the two offenses. Winn, 905 N.E.2d at 157. Here, although the Ohio Court of Appeals followed State v. McCoy, No. 05-CA-29, 2006 WL 39100 (Ohio Ct.App. 5th Dist. Jan. 5, 2006), a case that held that aggravated robbery and kidnapping are not allied offenses of similar import, the sentencing court addressed the specifics of Jackson’s conduct and determined that if Jackson had been successful in the kidnapping, the victim would have remained in the car as Jackson fled from the area. The animus involved in carjacking the victim’s car can certainly be seen as separate from the animus involved in attempting to take the victim away with the car.
Because the decision on Jackson’s appeal was not contrary to, and did not involve an unreasonable application of, federal double jeopardy law, I concur in the affirmance of the denial of Jackson’s habe-as petition.