[Cite as *State v. Byrd*, 2021-Ohio-2961.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ELIJAH S. BYRD | : | Case No. 2020 CA 0018 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Court of Common
                               Pleas, Case No. 20CR0088

JUDGMENT:                      Affirmed

DATE OF JUDGMENT:              August 26, 2021

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

PAULA M. SAWYERS                       LISA M. TOME
20 S. Second Street                    511 South High Street
Fourth Floor                           Columbus, OH  43215
Newark, OH  43055

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Elijah S. Byrd appeals the November 9, 2020 judgment entry of the Coshocton County Court of Common Pleas sentencing him to an aggregate total of 13 years incarceration. Plaintiff-Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 1, 2020, Appellant acting in concert with others, lured 17-year-old C.H. to a location in Coshocton County where C.H. believed he would purchase marijuana from Appellant and his co-defendants.

{¶ 3} Appellant and one co-defendant, armed with handguns, were dropped off on State Route 16 where they hid while others went to pick up C.H. and bring him to their location. Once C.H. arrived, Appellant and a co-defendant got in the car, pointed their guns at C.H. and ordered him to empty his pockets. C.H. complied, surrendering the cash he had in his pocket.

{¶ 4} Appellant and his accomplices then drove C.H. to a second location 5 to 10 miles away where they ordered C.H. out of the car at gunpoint and made him get down on his knees. With a gun at C.H.'s head Appellant and his cohorts demanded C.H.'s shoes, phone, sweatshirt, necklace, and pocket knife. C.H. was advised to keep his eyes closed and that if he opened them or said anything, they would shoot him. C.H. was then left to walk home barefoot.

{¶ 5} As a result of these events, on July 20, 2020, Appellant was charged with one count of aggravated robbery, a felony of the first degree. This count contained a

firearm specification as well as a forfeiture specification. Appellant was further charged with one count of kidnapping, also a felony of the first degree.

{¶ 6} On September 14, 2020, Appellant entered pleas of guilty to the charges and a presentence investigation was ordered.

{¶ 7} Before sentencing, both Appellant and the state filed presentence memoranda advancing allied offenses arguments. At the sentencing hearing the state presented testimony of Detective Eric DeMattio of the Coshocton County Sheriff's Department who investigated this matter. The state argued the offenses were not allied offenses:

> In this particular case, Your Honor, the aggravated robbery was completed. They had already placed [sic] guns upon entry into the Honda CRV at the victim who was at the time 17 years of age. They already had his items that had value, at least from their perspective. They went to a separate location. They got him out of the car, finished going through his person, and then walked him to a ditch and have him kneel in the ditch, and put a firearm to his head and threaten him with death. Your Honor, we believe that this additional placement of firearms to his head placed fear of death and warrants a separate sentence.

{¶ 8} Transcript of sentencing (T) at 14. Appellant, on the other hand argued C.H. was "kidnapped for the purpose of committing aggravated robbery" and "[t]he purpose of

the gun to his head was to commit a robbery." Appellant further argued "[t]hey didn't kidnap him. The kidnapping was tenuous [sic] to the facts of the robbery." T. 17-18.

{¶ 9} The trial court rejected Appellant's argument and found:

There is no bright line rule but there are certain facts which can create that separate and distinct animus. And one of those facts old legal word called asportation. And it's about taking someone somewhere. In this case it's about taking someone somewhere. And the fact that defendant and the co-defendants took the 17-year-old [C.H.] from a location near the initial buy. And, by the way, this was a set-up buy that was actually an ambush. There was never going to be a drug transaction. This was an ambush. And the ambush was sprung, and [C.H.], a juvenile, was put in a motor vehicle and transported to another location there is the separate animus and separate act that distinguishes this from aggravated robbery.

{¶ 10} The trial court then sentenced Appellant to 10 years on each count to be served concurrently with each other and consecutive to a three-year sentence for the firearm specification.

{¶ 11} Appellant filed an appeal and the matter is now before this court for consideration. He raises one assignment of error for our consideration as follows:

I

{¶ 12} "THE TRIAL COURT ERRED BY FAILING TO MERGE APPELLANT'S AGGRAVATED ROBBERY AND KIDNAPPING OFFENSES, IN VIOLATION OF THE

DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶ 13} In his sole assignment of error, Appellant argues the trial court erred in finding kidnaping and aggravated robbery were not allied offenses of similar import. We disagree.

{¶ 14} R.C. 2941.25(A) provides, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." A "conviction" consists of a guilty verdict and the imposition of a sentence or penalty. *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135.

{¶ 15} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

> 1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.
>
> 2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.
>
> 3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of

the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶ 16} The Ruff court explained at ¶ 26:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

{¶ 17} We review a trial court's R.C. 2941.25 determination de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

{¶ 18} As mentioned above, Appellant here was charged with one count of aggravated robbery and one count of kidnapping. Depending on the circumstances, kidnapping and aggravated robbery can be allied offenses. *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154. This is true because any aggravated robbery requires a brief restraint of the victim. *State v. Jackson*, 1st Dist. Hamilton No. C-180341, 2019-Ohio-2027, ¶ 10. Here, however, Appellant's conduct went beyond that which was required to complete the aggravated robbery.

{¶ 19} While Appellant focuses on the fact that C.H. was not bound or gagged, he ignores the fact that the victim was transported 5 to 10 miles away from where he was robbed of cash, to a second location where he was robbed of additional items and where Appellant threatened to shoot C.H. if he opened his eyes or said anything.

{¶ 20}  As eluded to by the trial court during the sentencing hearing, a separate animus exists when the movement of the victim is substantial and restraint of the victim is not merely incidental to the offense of aggravated robbery. "[W]here the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions." *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), syllabus. "Although *Logan* predates *Ruff*, Ohio courts continue to apply the guidelines set forth in *Logan* in determining whether kidnapping and another offense were committed with a separate animus, in accordance

with the third prong of the *Ruff* test." *State v. Asadi-Ousley*, 8th Dist. Cuyahoga No. 104267, 2017-Ohio-7252, ¶47.

{¶ 21} The movement here was substantial. The asportation of C.H. to a second location 5 to 10 miles away from the initial location was not necessary to complete aggravated robbery. Rather, the substantial movement, taking of C.H.'s shoes and phone appear instead to have facilitated the escape of Appellant and his co-defendants. See *State v. Randle*, 3d Dist. Marion Nos. 9-17-08 & 9-17-09, 2018-Ohio-207, ¶ 16-17; *State v. Smith*, 11th Dist. No. 2018-T-0061, 2019-Ohio-1952 ¶ 27.

{¶ 22} Kidnapping and aggravated robbery under the facts of this case are not allied offenses. The trial court did not therefore err in failing to merge the charges.

{¶ 23} The judgment of the Coshocton County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Baldwin, P.J. and

Gwin, J. concur.

EEW/rw