[Cite as *State v. Lee*, 2010-Ohio-1546.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 08 MA 115 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MICHAEL LEE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 07 CR 1562 B

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Timothy Young
Ohio Public Defender
Atty. Jeremy J. Masters
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Dated: March 31, 2010

WAITE, J.

{¶1} Appellant, Michael Lee, appeals his convictions and sentencing on one count of aggravated robbery, a violation of R.C. 2911.01(A)(1), a felony of the first degree, and one count of kidnapping, a violation of R.C. 2905.01(A)(2), a felony of the first degree. He also appeals his convictions and sentencing on two firearm specifications, violations of R.C. 2941.145(A), associated with his convictions on one count of voluntary manslaughter and one count of felonious assault. He does not appeal the convictions or sentences on the underlying charges giving rise to the firearms specifications.

{¶2} In his first assignment of error, Appellant contends that the trial court erred in convicting and sentencing him separately on the allied offenses of aggravated robbery and kidnapping. In his second assignment of error, Appellant argues that the trial court erred when it convicted and sentenced him for two firearm specifications, as they refer to the same criminal act or transaction and should have been merged.

{¶3} Because this record establishes that the crimes of aggravated robbery and kidnapping were committed with separate animus, his first assignment of error is overruled. Because the record on appeal does not demonstrate that the consecutive sentences for the firearm specifications constitute a manifest injustice, his second assignment of error is also overruled, and his convictions and sentences are affirmed.

{¶4} On December 13, 2007, Appellant was indicted on one count of aggravated murder, a violation of R.C. 2903.01(B), a felony of the first degree, one count of aggravated robbery, one count of kidnapping, and one count of felonious assault, with the attendant firearm specifications on each count. The first three charges arose out of an armed robbery gone awry that resulted in the death of James Dow. (Sentencing Tr., p. 2.) The felonious assault charge was based on the nonfatal shooting of Emanuel Bunkley.

{¶5} On March 14, 2008, Appellant pleaded guilty to the amended charge of voluntary manslaughter, as well as the original aggravated robbery, kidnapping, and felonious assault charges. He also pleaded guilty to the firearms specifications relating to the voluntary manslaughter and felonious assault charges. In addition to amending the aggravated murder charge, the firearm specifications relating to the aggravated robbery and kidnapping charges were dismissed in exchange for Appellant's plea to the remaining charges. The state recommended a maximum aggregate sentence of thirty years of imprisonment as a part of the plea agreement.

{¶6} At the plea hearing, the trial court informed Appellant that it may be possible that the two firearm specifications would be merged at sentencing, but that, even if they did not merge, the trial court would not sentence Appellant to more than thirty years of imprisonment. (Plea Tr., p. 11.)

{¶7} On May 14, 2008, Appellant was sentenced to a ten-year term of imprisonment for voluntary manslaughter, eight-years for felonious assault, and three-year terms each for aggravated robbery, kidnapping and the two remaining

firearm specifications, to be served consecutively, for a thirty-year aggregate sentence in conformance with the state's sentencing recommendation at the plea hearing.

### ASSIGNMENT OF ERROR I

**{¶8}** "The trial court erred in convicting Mr. Lee of both aggravated robbery and kidnapping, as those offenses are allied offenses of similar import, and were committed with a single animus. (May 14, 2008 Sentencing Transcript, pp. 16-17; May 14, 2008 Judgment Entry of Sentencing)."

**{¶9}** Appellant contends that the trial court erred in convicting and sentencing him for both aggravated robbery and kidnapping because they are allied offenses of similar import. R.C. 2941.25 reads:

**{¶10}** "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶11}** "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶12}** Courts applying R.C. 2941.25 must undertake a two-tiered analysis. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶18, citing *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶14.

**{¶13}** " 'In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.' " (Emphasis sic.) *Brown* at ¶19, quoting *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816. The Defendant bears the burden of establishing that the two offenses are allied and that he is entitled to protection against multiple punishments for a single criminal act. *State v Mughni* (1987), 33 Ohio St.3d 65, 67, 514 N.E.2d 870.

**{¶14}** In *State v. Rance* (1999), 85 Ohio St.3d 632, 637-638, 710 N.E.2d 699, the Ohio Supreme Court held that the first step in determining whether two offenses are allied offenses of similar import requires comparing the statutory elements in the abstract, rather than comparing the offenses as charged in a particular indictment. In *Cabrales*, the Court rejected a strict textual comparison, where all the elements of the compared offenses must coincide exactly, in favor of the abstract test announced in *Rance*. *Cabrales* at ¶26.

{¶15} The *Cabrales* Court fashioned a simple test: "if in comparing the elements of the offenses, in the abstract, the offenses are so similar that the commission of one offense will necessarily result in the commission of the other, then the offense are allied offenses of similar import." *Cabrales* at ¶26.

{¶16} Last year, the Ohio Supreme Court held that the crime of kidnapping and the crime of aggravated robbery are allied offenses of similar import pursuant to R.C. 2941.25. *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, syllabus.

{¶17} R.C. 2905.01 defines kidnapping as follows:

{¶18} "(A) No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

{¶19} "* * *

{¶20} "(2) To facilitate the commission of any felony or flight thereafter."

{¶21} R.C. 2911.01 defines aggravated robbery as follows:

{¶22} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶23} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

**{¶24}** Applying the test announced in *Cabrales*, the *Wynn* Court reasoned that, "[i]t is difficult to see how the presence of a weapon that has been shown or used, or whose possession has been made known to the victim during the commission of a theft offense, does not also forcibly restrain the liberty of another." Id. at ¶21.

**{¶25}** However, Appellant may still be convicted of both offenses, where he committed the crimes with separate animus. In *State v. Logan* (1979), 60 Ohio St.2d 126, 135, 397 N.E.2d 1345, the Ohio Supreme Court held that:

**{¶26}** "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

**{¶27}** "(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions." Id. at syllabus.

**{¶28}** Courts concluding that separate animus existed for kidnapping and rape charges have most often relied on the "substantial increase in risk of harm separate and apart" language from *Logan* to support their decisions. *See e.g., State v. Butts*, 9th Dist. No. 24517, 2007-Ohio-6430 (victim choked and knife held to her

throat prior to the rape); *State v. Swank*, 11th Dist. No. 2008-L-019, 2008-Ohio-6059, ¶42 (victim choked by her assailant); *State v. Campbell* (Aug. 3, 1993), 2d Dist. No. 13138, at *3 (choke-hold characterized by the court as a potentially lethal form of restraint).

**{¶29}** Approximately one month prior to oral argument in this case, the Ohio Supreme Court issued its decisions in *State v. Whitfield*, Slip Opinion No. 2010-Ohio-2, and *State v. Underwood*, Slip Opinion No. 2010-Ohio-1. In *Whitfield*, the Court held that, if it finds reversible error occurred in the imposition of multiple punishments for allied offenses, a court of appeals must reverse the conviction and remand the matter for a new sentencing hearing, where the state must be permitted to elect which allied offense to pursue on sentencing. *Whitfield* at ¶1-2 of the syllabus.

**{¶30}** In *Underwood*, the Court held that R.C. 2953.08(D)(1) does not bar appellate review of a sentence imposed for multiple convictions on offenses that are allied because such sentences do not comport with mandatory sentencing provisions and, consequently, are not "authorized by law." *Underwood* at ¶1-2 of the syllabus. In that case, the state conceded on appeal that the crimes at issue were allied offenses of similar import. Id. at ¶5.

**{¶31}** The Ohio Supreme Court held that a trial court is obligated under R.C. 2941.25 to determine whether offenses are allied, and if they are, the court may convict the defendant on only one offense. Id. at ¶28. The *Underwood* Court cited *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶96-102, for the proposition that imposition of multiple sentences for allied offenses of similar

import amounts to plain error. Id. at ¶30. The Court stated, "[n]evertheless, if a trial court fails to merge allied offenses of similar import, the defendant merely has the right to appeal the sentence." Id. at ¶28.

**{¶32}** Only two facts can be gleaned from the sentencing hearing at bar: first, Appellant was not the person who possessed or used the firearm at issue in this case. (Sentencing Tr., p. 14.) Also, the crime was "a violent and vicious attack planned upon someone who was completely unsuspecting and was victimized in several ways by the defendants who were involved in the crime." (Sentencing Tr., p. 15.) Notably, Appellant instructed his attorney to make no statement on his behalf at the sentencing hearing. (Sentencing Tr., p. 14.)

**{¶33}** Where the record on appeal does not support the conclusion that allied offenses were committed with the same animus, appellate courts in Ohio have refused to reverse multiple sentences for allied offenses. See *State v. Adams*, 2d Dist. No. 22493, 2009- Ohio-2056, ¶16; *State v. Austin*, 8th Dist. No. 84142, 2004-Ohio-5736, ¶37-38, quoting *State v. Coats* (Mar. 30, 1999),10th Dist. No. 98AP-927.

**{¶34}** However, following the issuance of *Underwood,* supra, Appellant filed a transcript of the trial court's hearing on his motion to suppress. Attached to the transcript was a video recording of Appellant's interrogation by the Youngstown Police Department on December 4, 2007. At oral argument, Appellant's counsel relied for the first time in this appeal on Appellant's narrative to the police to demonstrate that there was evidence in the record that the crimes of kidnapping and aggravated robbery were not committed with separate animus.

{¶35} Before we consider Appellant's statement, we first recognize that trial courts have wide discretion in the sources and types of evidence used to assist them in determining the kind and extent of punishment to be imposed within limits fixed by law. *Williams v. People of State of New York* (1949), 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337. The rules of evidence and the same due process rights that are afforded a defendant in the guilt phase do not apply in the sentencing phase and a judge has discretion to consider out-of-court information. Id. Likewise, the Ohio Rules of Evidence set forth that the rules are not applicable to sentencing hearings. See Evid.R. 101(C)(3). A trial court may even consider information during the sentencing hearing that may have been inadmissible at trial. *State v. Cassidy* (1984), 21 Ohio App.3d 100, 101, 487 N.E.2d 322, citing *State v. Davis* (1978), 56 Ohio St.2d 51, 381 N.E.2d 641.

{¶36} "At sentencing the court is not concerned with the guilt or innocence of the defendant, but rather with imposing an appropriate sentence based upon the seriousness of the crime committed and the character of the defendant." *Cassidy* at 101, 487 N.E.2d 322, citing *State v. Barker* (1978), 53 Ohio St.2d 135, 150-151, 372 N.E.2d 1324. Consequently, we find that the trial court was permitted to consider Appellant's statements to the police in determining whether the aggravated robbery and kidnapping crimes were allied offenses of similar import.

{¶37} In fact, Appellant's recorded statement to the police reveals that the crimes were committed with separate animus. According to Appellant's statement, a plot was devised to steal drugs from Mr. Dow. A person known as "Skip" lured Dow

into an unknown residence for the purpose of buying drugs. When Dow turned the drugs over to be weighed, Appellant and his cousin were supposed to "secure" Dow. (Videotape at 16:28:45.) Appellant characterized their role as "the muscle." (Videotape at 16:23:28, 16:22:43.) However, Dow was not easily subdued.

{¶38} According to Appellant's statement, he, his cousin, and Dow tumbled down the steps into the basement. Appellant stated that he and his cousin were unable to bind Dow with a rope, so they beat him with 2x4s for approximately thirty minutes. (Videotape at 16:25:05.) According to Appellant, he and his cousin beat Dow "half to death" before "Skip" walked down the steps and shot Dow with a .357 handgun at point blank range. (Videotape at 16:24:25, 16:36:20.)

{¶39} Clearly, Appellant's statement to the police demonstrates that the restraint in this case was prolonged and subjected the victim to a substantial increase in risk of harm that was separate and apart from the harm involved in his aggravated robbery. Accordingly, the record reflects a separate animus as to each offense sufficient to support separate convictions.

{¶40} Because the record does not support the conclusion that the aggravated robbery and kidnapping charges in this case were committed with the same, single animus, Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

{¶41} "The trial court erred in sentencing Mr. Lee to consecutive terms of imprisonment for multiple firearm specifications that should have merged, as the underlying offenses were committed as part of the same criminal adventure. (May

14, 2008 Sentencing Transcript, pp. 16-17; May 14, 2008 Judgment Entry of Sentencing)."

**{¶42}** Because the crimes alleged in the indictment were committed on November 18, 2007, R.C. 2929.14 as enacted on April 5, 2007 governs this case. Both the former and current versions of R.C. 2929.14(D)(1)(a)(ii) impose a mandatory three-year prison term when a defendant is convicted of or pleads guilty to a firearm specification pursuant to R.C. 2941.145. Pursuant to the former version, a court was not authorized to impose more than one sentence for multiple firearm specifications if the specifications refer to the same criminal act or transaction. Former R.C. 2929.14(D)(1)(b).

**{¶43}** A "transaction" is, "a series of continuous acts bound together by time, space, and purpose, and directed toward a single objective." *State v. Kehoe* (1999), 133 Ohio App.3d 591, 616, 729 N.E.2d 431; quoting *State v. Wills* (1994), 69 Ohio St.3d 690, 691, 635 N.E.2d 370. This Court has held that multiple gun specifications involving the same act or transaction should run concurrently. *State v. Herring,* 7th Dist. No. 00 JE 37, 2002-Ohio-2786. On the other hand, when multiple victims are involved this may indicate that the offender had more than one objective, warranting consecutive terms. *State v. Gary*, 8th Dist. No. 79224, 2002-Ohio-588. We have stated that the focus should be on the defendant's overall criminal objectives, not on the specific animus for each crime. *State v. Moore*, 161 Ohio App.3d 778, 2005-Ohio-3311, 832 N.E.2d 85, at ¶45.

**{¶44}** Appellant did not object to the consecutive sentences at the sentencing hearing, thus, he has waived all but plain error review on appeal. Crim.R. 52. However, the imposition of multiple three year sentences if all underlying felonies arose from the same act or transaction constitutes plain error. *State v. Williams* (1996), 115 Ohio App.3d 24, 33, 684 N.E.2d 358. Under the plain error doctrine, reversible error occurs only if, "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus.

**{¶45}** According to Appellant's statements to the police, Mr. Bunkley entered the residence through a side door while Appellant and his cousin were struggling to secure Dow. (Videotape at 16:30:00.) Appellant stated that he had no idea what happened to Bunkley, however, the presentence investigation report indicates that Bunkley brought Dow to the residence, and he entered the house in search of Dow. According to the report, Bunkley was shot when he happened on the aggravated robbery in progress. In *Herring*, we cited with favor *State v. Brown* (Feb. 9, 2001), 6th Dist. No. WD-00-033, for the rule that two firearms specifications may be imposed where a defendant kills a second victim solely because the second victim discovers the first victim. Id. at *4; see also *State v. Blackman*, 6th Dist. No. L-01-1349, 2003-Ohio-2216 (effort to escape after shootout with the police not part of same act or transaction.) The same rule applies in this case, where the assault of Bunkley was not a part of the aggravated robbery of Dow.

{¶46} Consequently, we cannot conclude that a manifest injustice has occurred in this case. Appellant's second assignment of error is overruled, and his convictions and sentences are affirmed.

Donofrio, J., concurs.

Vukovich, P.J., concurs.