Lundberg Stratton, J.
I. Introduction
{¶ 1} There are two issues before the court. The first is whether robbery under R.C. 2911.02(A)(2) and aggravated robbery under R.C. 2911.01(A)(1) are allied offenses of similar import. We are asked the same question with regard to felonious assault under R.C. 2903.11(A)(1) and felonious assault under R.C. 2903.11(A)(2). In both instances, we hold that the offenses are allied offenses of similar import, and therefore a defendant cannot be convicted of both offenses when both are committed with the same animus against the same victim. In this case, we hold that appellant, Cornelius Harris, was convicted on and sentenced for several counts of robbery and aggravated robbery and several counts of felonious assault that should have merged because the crimes were committed *374 with the same animus against the same victim. Accordingly, we reverse the judgment of the court of appeals.
II. Facts
{¶ 2} James Lawrence, Dwight Lawrence, and Demon Meatchem were smoking marijuana and playing dominos at James Lawrence’s apartment. Evander Kelly, a friend of the Lawrence brothers, and Harris decided to stop by James’s apartment. Kelly spoke to the dominos players while Harris went to the bathroom. When Harris returned from the bathroom, he was holding a gun. Harris struck Dwight Lawrence in the back of the head with the gun and ordered him, his brother James, and Meatchem to lie face down on the bed while he stole their money, cell phones, videos, and compact disks.
{¶ 3} Fearing that he was going to be shot, Meatchem charged Harris and knocked the gun out of his hands. Kelly picked up the gun and fired four rounds. The first round was aimed at James Lawrence, but it missed. The next three rounds were aimed at Meatchem and Dwight Lawrence, who were struggling with Harris. Two of the rounds struck Meatchem, and one struck Dwight Lawrence. Harris and Kelly then fled the apartment.
(¶ 4} A grand jury indicted Harris on three counts of aggravated robbery in violation of R.C. 2911.01(A)(1), three counts of robbery in violation of R.C. 2911.02(A)(2), three counts of felonious assault in violation of R.C. 2903.11(A)(2), and two counts of felonious assault in violation of R.C. 2903.11(A)(1). All counts contained firearm specifications as well.
{¶ 5} A jury found Harris guilty on all counts and all specifications. The court imposed prison terms for each offense and ordered that they be served consecutively. The court of appeals affirmed the judgment of the trial court.
{¶ 6} We accepted Harris’s discretionary appeal, in which he asserts that aggravated robbery and robbery are allied offenses of similar import and that a defendant cannot be convicted of both offenses if the charges originate from the same conduct. Harris also asserts that a defendant may not be convicted of two counts of felonious assault charged pursuant to R.C. 2903.11(A)(1) and 2903.11(A)(2) if both charges arise from the same conduct toward the same victim.
III. Analysis

A. R.C. 2U1.25

{¶ 7} Ohio’s multiple-count statute, R.C. 2941.25, provides:
{¶ 8} “(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may *375 contain counts for all such offenses, but the defendant may be convicted of only one.
{¶ 9} “(B) Where the defendant’s conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.”
{¶ 10} This court has interpreted R.C. 2941.25 to involve a two-step analysis. “In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant’s conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.” (Emphasis sic.) State v. Blankenship (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.
{¶ 11} In State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, paragraph one of the syllabus, we held that “[u]nder an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract.” (Emphasis sic.) We determined that, as opposed to considering elements within the context of the facts of each case, comparing the elements in the abstract “is the more functional test, producing ‘clear legal lines capable of application in particular cases.’ ” Id. at 636, 710 N.E.2d 699, quoting Kumho Tire Co., Ltd. v. Carmichael (1999), 526 U.S. 137, 148, 119 S.Ct. 1167, 143 L.Ed.2d 238.
{¶ 12} However, some courts interpreted Ranee to require a strict textual comparison of the elements of the compared offenses under R.C. 2941.25(A). State v. Cobrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 21. We concluded that that interpretation “conflicts with legislative intent and causes inconsistent and absurd results.” Id. at ¶ 27. Thus, in Cóbrales we clarified Ranee and held that “in determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), Ranee requires courts to compare the elements of offenses in the abstract, i.e., without considering the evidence in the case, but does not require an exact alignment of elements.” Id.
{¶ 13} Accordingly, in Cóbrales we held that even though the elements of possession of a controlled substance under R.C. 2925.11(A) and trafficking in a controlled substance under R.C. 2925.03(A)(2) (“knowingly * * * [pjrepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance”) did not exactly align, the crimes were, nevertheless, allied *376 offenses of similar import because trafficking in a controlled substance necessarily results in possession of the same controlled substance. Cobrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 30.
{¶ 14} Having reviewed Cóbrales’s clarification of Ranee, we now examine the offenses at issue in this case.

B. Robbery and Aggravated Robbery

{¶ 15} Each count of robbery herein was charged under R.C. 2911.02(A)(2), which provides that no person, in attempting to commit or committing a theft offense, or fleeing immediately thereafter, shall “[ijnflict, attempt to inflict, or threaten to inflict physical harm on another.” Each count of aggravated robbery was charged under R.C. 2911.01(A)(1), which provides that no person, in attempting to commit or committing a theft offense, or in fleeing immediately thereafter, shall “[h]ave a deadly weapon on or about the offender’s person or under the offender’s control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.”
{¶ 16} In State v. Winn, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, we applied Cóbrales to determine whether kidnapping defined in R.C. 2905.01(A)(2) and aggravated robbery defined in R.C. 2911.01(A)(1) were allied offenses of similar import. In comparing these offenses, we explained, “In essence, the elements to be compared in the abstract are the restraint, by force, threat, or deception, of the liberty of another to ‘facilitate the commission of any felony’ (kidnapping, R.C. 2905.01(A)(2)) and having ‘a deadly weapon on or about the offender’s person or under the offender’s control and either displaying] the weapon, brandishing] it, indicating] that the offender possesses it, or us[ing] it’ in attempting to commit or committing a theft offense (aggravated robbery, R.C. 2911.01(A)(1)). It is difficult to see how the presence of a weapon that has been shown or used, or whose possession has been made known to the victim during the commission of a theft offense, does not also forcibly restrain the liberty of another.” Id. at ¶ 21. Thus, we held that even though the elements of these offenses do not exactly align, they are “ ‘so similar that the commission of one offense will necessarily result in commission of the other.’ Cobrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, paragraph one of the syllabus.” Id. {¶ 17} Similar reasoning applies when comparing robbery and aggravated robbery. The possession of a deadly weapon, used, shown, brandished, or made known to the victim during a theft or flight from a theft also constitutes a threat to inflict physical harm on that victim. Thus, robbery defined in R.C. 2911.02(A)(2) and aggravated robbery defined in R.C. 2911.01(A)(1) are so similar that the commission of one offense will result in commission of the other. Accordingly, we hold that robbery defined in R.C. 2911.02(A)(2) and aggravated robbery defined in R.C. 2911.01(A)(1) are allied offenses of similar import, and *377 therefore a defendant cannot be convicted of both offenses when both are committed with the same animus against the same victim.

C. Felonious Assault: R.C. 2903.11(A)(1) and (A)(2)

{¶ 18} In State v. Cotton (June 20, 2007), Hamilton App. No. C-060264, the defendant stabbed one victim, three times. He was convicted of felonious assault under R.C. 2903.11(A)(1) and felonious assault under R.C. 2903.11(A)(2). The trial court imposed sentences for both convictions. The court of appeals affirmed.
{¶ 19} We reversed the judgment of the court of appeals in Cotton on the authority of State v. Broum, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149,[1] holding that felonious assaults in violation of R.C. 2903.11(A)(1) and (2) are allied offenses of similar import under R.C. 2941.25(A). State v. Cotton, 120 Ohio St.3d 321, 2008-Ohio-6249, 898 N.E.2d 959.
{¶20} On the authority of Cotton, we affirm that convictions for felonious assault defined in R.C. 2903.11(A)(1) and felonious assault defined in R.C. 2903.11(A)(2) are allied offenses of similar import, and therefore a defendant cannot be convicted of both offenses when both are committed with the same animus against the same victim.

D. Merger

{¶21} Two allied offenses of similar import must be merged into a single conviction. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 42. In merging two allied offenses of similar import, we have held: “An accused may be tried for both but may be convicted and sentenced for only one. The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense.” (Emphasis added.) Maumee v. Geiger (1976), 45 Ohio St.2d 238, 244, 74 O.O.2d 380, 344 N.E.2d 133.
{¶ 22} A final judgment of conviction occurs when the judgment contains “(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court.” State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus.
{¶ 23} In light of Baker, we hold that Geiger requires the prosecution to elect which offense it will pursue after a finding of guilt but prior to sentencing.
*378 IY. Conclusion
{¶ 24} Harris was convicted on three counts of robbery and three counts of aggravated robbery against Dwight Lawrence, James Lawrence, and Demon Meatchem. Because all six offenses were committed simultaneously, we hold that all were committed with the same animus. Thus, the six convictions for robbery and aggravated robbery must be merged into a total of three convictions for robbery or aggravated robbery against the three victims, to be determined by the state on remand.
{¶ 25} Harris was also convicted on one count of felonious assault under R.C. 2903.11(A)(1) and one count of felonious assault under R.C. 2903.11(A)(2) for his actions against Dwight Lawrence. During the robbery, Harris struck Dwight Lawrence with the gun. Later, Kelly shot Dwight Lawrence one time. It is unclear from the record and the jury instructions whether the state charged Harris with striking Dwight Lawrence with the gun as part of the robbery, or whether the striking with the gun and later shooting were separately charged as assaults. We remand this cause to the trial court to determine this issue and whether the assaults, if separately charged, were committed with the same animus.
{¶ 26} Finally, Harris was convicted on two counts of felonious assault under R.C. 2903.11(A)(1) and (A)(2), for two gunshot wounds inflicted on Meatchem. Under the facts in this case, we hold that both assault offenses were committed with the same animus. Therefore, Harris’s convictions for felonious assault under R.C. 2903.11(A)(1) and felonious assault under R.C. 2903.11(A)(2) must be merged to one conviction, to be determined by the state on remand.
{¶ 27} Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for proceedings consistent with our opinion.
Judgment reversed and cause remanded.
O’Connor, O’Donnell, and Cupp, JJ., concur.
Moyer, C.J., and Pfeifer and Lanzinger, JJ., concur in part and dissent in part.

. In State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 40, we held that “aggravated assaultfs] in violation of R.C. 2903.12(A)(1) and (A)(2) are allied offenses of similar import.”