Lanzinger, J.,
concurring in part and dissenting in part.
{¶ 29} This convoluted case is an example of how difficult our jurisprudence on allied offenses has become. Simply stated, the jury heard evidence that Williams fired two shots in succession and that one bullet struck and paralyzed the victim, LayShawn McKinney. Williams was found guilty of all offenses for which he was indicted: two counts of felonious assault, two counts of attempted murder with firearm specifications, and one count of having a weapon while under disability. Williams was sentenced to a total prison term of 20 years.
{¶ 30} As is explained in the majority opinion, this court agreed to consider whether the two counts of felonious assault are allied offenses of the two counts of attempted murder. In other words, are the offenses of attempting to purposely cause the death of another pursuant to R.C. 2923.02 and 2903.02(A) and of attempted felony murder pursuant to R.C. 2923.02 and 2903.02(B) allied offenses of similar import with the two forms of felonious assault pursuant to *388 R.C. 2903.11(A)(1) (causing serious physical harm) and (2) (attempting or causing physical harm by means of a deadly weapon)?
{¶ 31} The General Assembly has expressed its intent to permit multiple punishments for the same conduct under certain circumstances. R.C. 2941.25 provides:
{¶ 32} “(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
{¶ 33} “(B) Where the defendant’s conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.” (Emphasis added.)
{¶ 34} In spite of the foregoing language emphasizing the importance of the defendant’s conduct, our current cases analyzing allied offenses instruct us to jump immediately to the abstract comparison of offenses charged without first considering the defendant’s actual conduct as established by the evidence. See State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181; State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149; State v. Winn, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154; and State v. Harris, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882.
{¶ 35} This “abstract comparison” of offenses identifies offenses as allied offenses of similar import “if * * * the offenses are so similar that the commission of one offense will necessarily result in commission of the other.” Cabrales at paragraph one of the syllabus. Whether the commission of one offense necessarily resulted in commission of the other is best resolved when the actual evidence adduced at trial is allowed to be considered. I realize that in Cabrales this court “clarified” the test set forth in State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, but I would go further to frankly reverse Ranee. For omitting consideration of the evidence at trial is contrary to the statute, which states that the defendant’s conduct must be considered in comparing the offenses: Did the commission of the one offense in this case necessarily result in the commission of the other? If so, the offenses are allied and of similar import.
{¶ 36} A defendant can be convicted and sentenced on more than one offense if the evidence shows that the defendant’s conduct satisfies the elements of two or more disparate offenses. But if the conduct satisfies elements of offenses of similar import, then a defendant can be convicted and sentenced on only one, unless they were committed with separate intent.
*389 William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski, Assistant Prosecuting Attorney, for appellant.
Robert L. Tobik, Cuyahoga County Public Defender, and Robert M. Ingersoll, Assistant Public Defender, for appellee.
{¶ 37} Thus, in this case, by shooting a weapon at McKinney twice in succession, Williams knowingly caused him serious physical harm, and this conduct satisfied both felonious assault sections, R.C. 2903.11(A)(1) (causing serious physical harm to another) and (A)(2) (causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordnance). When the attempt section, R.C. 2923.02, is added to the murder and felony-murder statutes, R.C. 2903.02(A) (“purposely cause the death of another”) and 2903.02(B) (“cause the death of another as a proximate result of the offender’s committing or attempting to commit an offense of violence”), it is apparent that Williams’s conduct (shooting twice at McKinney) also necessarily satisfies the elements of attempted murder and attempted felony murder. In other words, pursuant to R.C. 2941.25(A), Williams may be convicted of only one of the four offenses for which he was indicted, unless the state proved that he committed them separately or with separate animus. R.C. 2941.25(B).
{¶ 38} I would affirm the court of appeals’ holdings that Williams committed the attempted murders and felonious assaults with a single “purpose, intent and motive,” 2008-Ohio-5286, ¶ 38, and that the two counts of attempted murder and two counts of felonious assault should be merged into a single count for sentencing. Furthermore I agree that this case should be remanded to the trial court for the state to elect which of the four allied offenses Williams will be sentenced on, but I would limit the election to a single crime.