O’Connor, J.,
concurring in judgment.
{¶ 59} I agree with the majority that the analysis set forth in State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, for determining whether two or more offenses are allied offenses of similar import pursuant to R.C. 2941.25 has proven difficult to apply. I write separately because I do not believe that the majority opinion clearly sets forth the appropriate considerations for determining whether offenses arise out of the same conduct and should be merged pursuant to R.C. 2941.25.
{¶ 60} R.C. 2941.25 provides:
{¶ 61} “(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
{¶ 62} “(B) Where the defendant’s conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.”
{¶ 63} Much of the confusion is caused by the statutory terminology “allied offenses of similar import.” Thus, our analysis must begin with an understanding of this term.
{¶ 64} In practice, allied offenses of similar import are simply multiple offenses that arise out of the same criminal conduct and are similar but not identical in the significance of the criminal wrongs committed and the resulting harm. R.C. 2941.25 permits a defendant to be charged with, and tried for, multiple offenses based on the same conduct but permits only one conviction based on conduct that results in similar criminal wrongs that have similar consequences.
{¶ 65} Our decisions have described the two features of allied offenses of similar import together, see, e.g., State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 30 (offenses are allied offenses of similar import if commission of the first offense necessarily results in commission of the second). But it may aid understanding to address the statutory terms “allied offenses” and “of similar import” as separate components of the standard in R.C. 2941.25(A).
*166 {¶ 66} Under the later formulations of State v. Winn, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, and State v. Harris, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882, offenses are “allied” when their elements align to such a degree that commission of one offense would probably result in the commission of the other offense.
{¶ 67} Offenses are of “similar import” when the underlying conduct involves similar criminal wrongs and similar resulting harm.
{¶ 68} The question becomes how to determine whether offenses that stem from the same conduct result in offenses of “similar import” within the meaning of R.C. 2941.25. The significant amount of litigation regarding this question since Ranee was decided strongly suggests that instead of examining the elements of the offense solely in the abstract, the analysis under R.C. 2941.25(A) should also examine the defendant’s conduct in the context of determining whether the offenses are of similar import. Ranee, inasmuch as it requires a comparison of the elements of the offenses solely in the abstract, should be overruled. A defendant may be indicted for multiple offenses that arise out of the same conduct, R.C. 2941.25(A), and the trier of fact may find the defendant guilty of multiple offenses that arise out of the same conduct without running afoul of R.C. 2941.25. The trial court does not consider a defendant’s merger argument until the state has proven all of the elements of each offense beyond a reasonable doubt. See State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 18, citing Ohio v. Johnson (1984), 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425, and quoting State v. Gapen, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135 (“In cases in which the imposition of multiple punishments is at issue, R.C. 2941.25(A)’s mandate that a defendant may be ‘convicted’ of only one allied offense is a protection against multiple sentences rather than multiple convictions. * * * Thus, to ensure that there are not improper cumulative punishments for allied offenses, courts must be cognizant that R.C. 2941.25(A) requires that ‘the trial court effects the merger at sentencing’ ”).
{¶ 69} Because the trial court does not consider a defendant’s merger argument until after the trier of fact has determined that the defendant is guilty of multiple offenses, the trial court’s consideration of whether there should be merger is aided by a review of the evidence introduced at trial.
{¶ 70} At trial in this case, the state relied on the same evidence to establish that Johnson’s conduct — severely beating Milton and causing his death — violated both the child-endangering statute (R.C. 2919.22(B)(1)) and the felony-murder statute (R.C. 2903.02(B)). Although there may have been alternative theories that the state considered in pursuing Johnson for endangering and ultimately killing Milton, we are constrained by the record before us and the legal arguments raised in the briefs. Based on that record and those arguments, I am *167 compelled to conclude that the convictions in this case arose from the same conduct that involves similar criminal wrongs and similar resulting harm and, accordingly, are allied offenses of similar import that must merge for the purpose of sentencing pursuant to R.C. 2941.25(A).
{¶ 71} Accordingly, I concur in the judgment of the majority to reverse and remand for further consideration.
Pfeifer and Cupp, JJ., concur in the foregoing opinion.