[Cite as *State v. Gulley*, 2011-Ohio-4123.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96161**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BOBBY E. GULLEY

DEFENDANT-APPELLANT

**JUDGMENT:
VACATED AND REMANDED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-537948

**BEFORE:** Rocco, J., Kilbane, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 18, 2011

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Vincent I. Pacetti
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1}  After pleading guilty to charges of felonious assault and domestic violence, defendant-appellant Bobby E. Gulley appeals from his convictions and sentences.

{¶ 2}  Gulley presents one assignment of error.  He claims the trial court erred in failing to merge his convictions pursuant to R.C. 2941.25(A). The state concedes Gulley's argument has merit.

{¶ 3}  During the time this appeal was pending, moreover, the Ohio Supreme Court issued its opinion in *State v. Damron*, Slip Op. No.

2011-Ohio-2268. *Damron* compels resentencing. In addition, the record reflects the trial court imposed sentence on a count to which Gulley had not pleaded guilty.

{¶ 4} Gulley's convictions and sentences, therefore, are vacated. This case is remanded for application of *Damron*, citing *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The trial court also is ordered to correct the judgment entry of Gulley's plea to reflect that he pleaded guilty to Count 3 of the indictment, rather than to Count 2.

{¶ 5} Gulley originally was indicted on six counts, charged with attempted murder, two counts of felonious assault, domestic violence, and two counts of kidnapping. Each charge related to a single event and named the same victim.

{¶ 6} Gulley eventually accepted the state's offer of a plea agreement. In exchange for the state's dismissal of the other four counts, Gulley withdrew his not guilty pleas and entered guilty pleas to Count 3, felonious assault in violation of R.C. 2903.11(A)(2), and to Count 4, domestic violence in violation of R.C. 2919.25(A). The trial court accepted Gulley's pleas. The resulting journal entry, however, wrongly states that Gulley pleaded guilty to "Count 2," rather than to Count 3.

{¶ 7} At the sentencing hearing, the trial court wrongly stated that Gulley entered a guilty plea as to "Count 2" as well as to Count 4. The court imposed a sentence of four years for Gulley's felonious assault conviction, and ordered it to be served concurrently with a sentence of eighteen months for his conviction for domestic violence.

{¶ 8} Gulley filed an appeal of his convictions and the sentence imposed; he presents the following assignment of error.

{¶ 9} "I. **The trial court erred by ordering convictions and sentences for domestic violence and felonious assault because the offenses are allied offenses pursuant to R.C. 2941.25 and should have been merged into a single conviction.**"

{¶ 10} Gulley argues the trial court violated R.C. 2941.25(A) when it convicted and sentenced him on both counts to which he pleaded guilty. The state concedes the error, and this court agrees.

{¶ 11} As Twelfth District observed in *State v. Craycraft*, Clermont App. Nos. CA2009-02-013 and CA2009-02-014, ¶15, it is possible to commit the offenses of felonious assault and domestic violence with the same conduct. Thus, if the defendant committed those offenses by way of a single act, with a single state of mind, they are allied offenses pursuant to R.C. 2941.25(A). Id., at ¶20.

**{¶ 12}** This court, then, is required to apply the supreme court's opinion in *Damron* to the facts of this case. Therein, the court stated in pertinent part:

**{¶ 13}** "When a defendant has been found guilty of offenses that are allied offenses, R.C. 2941.25 *prohibits* the imposition of multiple sentences. [*State v.*] *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶12. Therefore, a trial court must merge the crimes into a *single* conviction and impose a sentence that is appropriate for the offense chosen for sentencing. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶41–43. In this case, the sentencing court found Damron guilty of both offenses and sentenced him on both. *The imposition of concurrent sentences is not the equivalent of merging allied offenses.* As we explained in *Whitfield*, for purposes of R.C. 2941.25, a 'conviction' is the combination of a guilt determination and a sentence or penalty. *Whitfield* at ¶12. As the record stands, Damron has been convicted of both felonious assault and domestic violence." (Emphasis added.)

**{¶ 14}** Based upon the foregoing, this court must "vacate the sentence and remand for proper sentencing, including application of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus." *Damron*, at ¶18. The trial court is reminded that, by the terms of the plea agreement

and the plea hearing, Gulley pleaded guilty to Count 3, not to "Count 2," as set forth in the journal entry of his plea; therefore, the trial court also must correct that journal entry.

{¶ 15} Gulley's convictions and sentences are vacated, and this case is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY EILEEN KILBANE, A.J., and
MARY J. BOYLE, J., CONCUR