[Cite as *State v. Waltzer*, 2011-Ohio-5147.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94444**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRIAN WALTZER

DEFENDANT-APPELLANT

**JUDGMENT:**
**APPLICATION DENIED**

Cuyahoga County Court of Common Pleas
Case No. CR-529366
Application for Reopening
Motion No. 443631

**RELEASE DATE:**  October 5, 2011

**FOR APPELLANT**

Brian Waltzer, pro se
Inmate No. A580-218
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Diane Smilanick
Assistant County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}   In *State v. Waltzer*, Cuyahoga County Court of Common Pleas Case No. CR-529366, applicant, Brian Waltzer, was found guilty by a jury of felonious assault and domestic violence.   He received concurrent sentences of five years and six months, respectively.   This court affirmed that judgment in *State v. Waltzer*, Cuyahoga App. No. 94444, 2011-Ohio-594.

{¶ 2}   Waltzer has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because: 1) "he wrote [appellate counsel] several times concerning the ineffectiveness of his trial attorney * * *", Application at unnumbered 2; 2) "the use of two Judges during trial," Id.; and 3)

"Appellant [was] convicted of Allied Offences of similar import." Id. (capitalization and spelling in original).

{¶ 3} We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶ 4} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Waltzer has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Applicant cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.

{¶ 5} In his first proposed assignment of error, Waltzer contends that his appellate counsel was ineffective for failing to assign as error that trial counsel was ineffective. Waltzer's specific complaint is that, although he wrote letters to appellate counsel

recommending as error trial counsel's failure to subpoena a witness for trial, appellate counsel did not assign the error. Waltzer does not, however, indicate the source in the record for these assertions.

{¶ 6} "It is well-settled that '[m]atters outside the record do not provide a basis for reopening.' *State v. Hicks*, Cuyahoga App. No. 83981, 2005-Ohio-1842, at ¶7. More properly, 'any allegations of ineffectiveness based on facts not appearing in the [trial] record should be reviewed through the postconviction remedies.' *State v. Coleman*, 85 Ohio St.3d 129, 1999-Ohio-258, 707 N.E.2d 476, 483." *State v. Carmon* (Nov. 18, 1999), Cuyahoga App. No. 75377, reopening disallowed, 2005-Ohio-5463, ¶29. To the extent that Waltzer relies on materials which are outside the record, his first proposed assignment of error does not provide a basis for reopening.

{¶ 7} In his second proposed assignment of error, Waltzer contends that "Judge Hollie Gallager [sic] took over in mid-trial" for Judge David T. Matia who presided during the trial. Application at unnumbered 3. Waltzer correctly observes that the state did not respond to this proposed assignment of error.

{¶ 8} Our review of the record reflects that Judge Gallagher presided when the jury returned its verdict and issued a journal entry memorializing the verdict. Judge Matia presided at the sentencing hearing and issued the sentencing entry. We acknowledge, however, that we are unable to identify anywhere in the record where the court of common pleas complied with Sup.R. 4 and 36 as well as Crim.R. 25 in assigning a judge to substitute for Judge Matia.

{¶ 9} Waltzer has not, however, identified anywhere in the record where he

objected to Judge Gallagher's participation in the case. If a party does not object to the transfer of a case to a different judge, the party has failed to preserve the error and has waived the error for purposes of appellate review. *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶16 and 18. See, also, *State v. Stansell*, Montgomery App. No. 23630, 2010-Ohio-5756, ¶27, et seq., citing and quoting *In re J.J.* As a consequence, we must hold that Waltzer has not demonstrated that his appellate counsel was deficient or that he was prejudiced by the absence of this assignment of error on direct appeal. Waltzer's second proposed assignment of error does not provide a basis for reopening.

{¶ 10} In his third proposed assignment of error, Waltzer argues that appellate counsel was ineffective for failing to assign as error that domestic violence and felonious assault are allied offenses of similar import. In his reply to the state's brief in opposition, Waltzer correctly observes that the state's argument does not include the Supreme Court's decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered. (*State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, overruled.)" Id., syllabus.

{¶ 11} In *Johnson*, the Supreme Court prescribed the analysis for determining whether two offenses are allied offenses of similar import.

{¶ 12} "In determining whether two offenses should be merged, the intent of the General Assembly is controlling. We determine the General Assembly's intent by applying R.C. 2941.25, which expressly instructs courts to consider the offenses at issue

in light of the defendant's conduct. We have long held that the statute's purpose is to prevent shotgun convictions, as explained in the statute's Legislative Service Commission comments. [*Maumee v. ] Geiger* [(1976)], 45 Ohio St.2d [238] at 242, 74 O.O.2d 380, 344 N.E.2d 133. With these considerations in mind, we adopt the following approach to determination of allied offenses.

{¶ 13} "Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

{¶ 14} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *[State v.] Blankenship* [(1988)], 38 Ohio St.3d [116] at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶ 15} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., a

single act, committed with a single state of mind.' *[State v.] Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶50 (Lanzinger, J., dissenting).

{¶ 16} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶ 17} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Johnson*, supra, ¶46-51.

{¶ 18} In *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, the defendant pled guilty to felonious assault and domestic violence. The trial court stated that *State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882, required merger but sentenced Damron to concurrent sentences. The Supreme Court noted that the imposition of concurrent sentences is not the same as merging allied offenses into a single conviction. As a consequence, the judgment in *Damron* was vacated and the case remanded for proper sentencing, including application of *Johnson*.

{¶ 19} The Supreme Court in *Damron* "declined to review a third proposition of law on the substantive issue of whether felonious assault and domestic violence are allied offenses. *State v. Damron,* 126 Ohio St.3d 1544, 2010-Ohio-3855, 932 N.E.2d 338." *Damron*, ¶11. Additionally, the Supreme Court observed that "*Harris* never stood for the proposition that the offenses of felonious assault and domestic violence must merge as a matter of law." Id., ¶17.

{¶ 20} This court, however, has determined post-*Johnson* that domestic violence

and felonious assault are offenses of similar import. See *State v. Gulley*, Cuyahoga App. No. 96161, 2011-Ohio-4123, ¶11. "This court, then, is required to apply the supreme court's opinion in *Damron* to the facts of this case." Id., ¶12.

{¶ 21} Waltzer and his girlfriend, L.M., lived together in a single home. They had been drinking with friends during the night. Around 5:00 a.m., they were alone and argued on the porch. He pushed her. They went inside the house. He picked up an aluminum baseball bat and a steak knife from the kitchen. He came after her. She tried to grab for the knife but was cut. He struck her in the head with the bat. Tr. 141-142 and 175-176.

{¶ 22} L.M. described the floor plan of the house. The porch was outside. Entering the house from the porch, the first room is a mud room. Beyond the mud room is the living room. The kitchen is beyond the living room. Tr., 111-112.

{¶ 23} In another post-*Johnson* case, *State v. Ortiz*, Cuyahoga App. No. 95026, 2011-Ohio-1238, the appellant asserted that his convictions for rape and kidnapping should have been merged. "This court has repeatedly found that movement from one location to another, even at times in the same house or apartment, may demonstrate that the kidnapping was committed with a separate animus from the rape." Id., ¶17 (citations deleted).

{¶ 24} Obviously, this case also arises from a sequence of events involving a change of location at a house. In order to maintain this application for reopening, Waltzer must demonstrate there was a reasonable probability that he would have been successful on appeal. The circumstances of this case do not definitively reflect that the

same conduct resulted in his convictions for both domestic violence and felonious assault. That is, these facts do not reflect "'a single act, committed with a single state of mind.'" See *Johnson*, supra, quoting *Brown*, Lanzinger, J., dissenting.

{¶ 25} As discussed above, applicant and L.M. moved from the porch into the house. In the house, he picked up an aluminum baseball bat and a steak knife from the kitchen. He came after her. She tried to grab for the knife but was cut. He struck her in the head with the bat. He used a bat and a knife which could and did harm the victim. The change in location and the significant increase in the level of violence require us to conclude that there was not a reasonable probability that Waltzer would have been successful on appeal if his appellate counsel had assigned as error that his convictions for domestic violence and felonious assault were allied offenses of similar import. Waltzer's third proposed assignment of error does not provide a basis for reopening.

{¶ 26} Waltzer has not met the standard for reopening. Accordingly, the application for reopening is denied.

_____

___

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., and
EILEEN A. GALLAGHER, J., CONCUR.