[Cite as *State v. Jones*, 2012-Ohio-2694.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,             CASE NO. 1-11-60

    v.

DEMOND JONES,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR20100092

**Judgment Reversed and Cause Remanded**

Date of Decision: June 18, 2012

APPEARANCES:

    *Michael J. Short* for Appellant

    *Terri L. Kohlrieser* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Demond Jones ("Jones"), appeals the judgment of the Court of Common Pleas of Allen County sentencing him to life in prison without the possibility of parole. On appeal, Jones contends that the trial court erred when it imposed multiple sentences for allied offenses of similar import. Based on the following, we agree.

{¶2} In March 2010, the Allen County Grand Jury returned a three count indictment against Jones, to wit: Count One, aggravated murder in violation of R.C. 2903.01(B), an unclassified felony;[1] Count Two, aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree;[2] and, Count Three, having a weapon while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. The indictment arose from a February 26, 2010 incident, where Jones, without authorization, entered the residence of Marjorie Williams and shot and killed her.

{¶3} In September 2011, the matter proceeded to a jury trial. Jones was found guilty on all three counts in the indictment, as well as the specifications in

---

[1] Count One contained three specifications, to wit: Jones committed the offense while committing aggravated burglary in violation of R.C. 2929.04(A)(7) ("death penalty specification"); Jones used a firearm to facilitate the offense in violation of R.C. 2941.145(A); and, Jones is a repeat violent offender as listed in R.C. 2941.149. The State sought the death penalty in this case, but the trial court found that Jones was mentally retarded and, therefore, not subject to the death penalty. Consequently, the trial court dismissed the death penalty specification. The trial court also dismissed the repeat violent offender specification.

[2] Count Two contained two specifications, to wit: Jones used a firearm to facilitate the offense in violation of R.C. 2941.145(A); and, Jones is a repeat violent offender as listed in R.C. 2941.149. The trial court subsequently dismissed the repeat violent offender specification.

Counts One and Two concerning the use of a firearm during the commission of the offenses. Thereafter, the trial court immediately proceeded to sentence Jones. With regard to Count One, the trial court sentenced Jones to life in prison without the possibility of parole and to three years in prison for the corresponding firearm specification. Trial Tr., p. 439-441. With regard to Count Two, the trial court sentenced Jones to ten years in prison. *Id.* at p. 441. With regard to Count Three, the trial court sentenced Jones to five years in prison. *Id.* After the trial court imposed sentences on each count, the trial court proceeded to find that all three counts were allied offenses of similar import. *Id.* at p. 442. As a result, the trial court stated, "pursuant to [*State v.*] *Johnson* [128 Ohio St.3d 153, 2010-Ohio-6314] the sentences will merge. So, the sentences in this case merge pursuant to *State v. Johnson* into the one count, the sentence imposed in Count One * * *." *Id.* In its sentencing entry, however, the trial court ordered that "the prison terms imposed in this case all merge pursuant to *State v. Johnson* * * *." Sentencing Entry, p. 6.

{¶4} On February 23, 2012, the trial court filed a nunc pro tunc sentencing entry so that the language in the sentencing entry concerning merger of the sentences would conform to what was said during sentencing. As a result, the nunc pro tunc sentencing entry ordered that "the prison terms in this case all merge

Case No. 1-11-60

into Count One pursuant to *State v. Johnson* * * *." February 23, 2012 Nunc Pro

Tunc Sentencing Entry, p. 6.

{¶5} Shortly thereafter, on February 28, 2012, the trial court, sua sponte,

filed a second nunc pro tunc sentencing entry in which it again altered the

language concerning merger of the sentences. As a result, the nunc pro tunc

sentencing entry ordered that "the prison terms imposed in this case are merged

into one conviction and sentence for count one only * * *."[3] February 28, 2012

Nunc Pro Tunc Sentencing Entry, p. 1-2.

{¶6} It is from this judgment Jones appeals, presenting the following

assignment of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED WHEN IT IMPOSED
SENTENCES ON ALL THREE OF THE CHARGES FOR
WHICH THE DEFENDANT WAS CONVICTED AS THESE
WERE ALLIED OFFENSES OF SIMILAR IMPORT.**

{¶7} In his sole assignment of error, Jones contends that the trial court erred

when it imposed multiple sentences for allied offenses of similar import. As a

result, Jones contends that the trial court's judgment of conviction must be

---

[3] We note that the trial court inappropriately included the language "one conviction" in the February 28, 2012 nunc pro tunc sentencing entry. "*[N]unc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." (Emphasis sic.) *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995). At no point during sentencing did the trial court state that the prison terms imposed merged into "one conviction." Accordingly, that portion of the February 28, 2012 nunc pro tunc entry must be disregarded.

-4-

reversed and remanded for a new sentencing hearing. Based on the following, we agree.

{¶8} The Ohio Supreme Court has recognized that the "imposition of multiple sentences for allied offenses of similar import is plain error." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, ¶ 96-102. "When a defendant has been found guilty of offenses that are allied offenses, R.C. 2941.25 prohibits the imposition of multiple sentences." *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, ¶ 17, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 12; R.C. 2941.25(A). When the defendant has been found guilty of two or more allied offenses the state must select which offense it will pursue. *State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, ¶ 21, citing *Maumee v. Geiger*, 45 Ohio St.2d 238, 244 (1976). Thereafter, the trial court must merge the allied offenses into a single conviction and impose a sentence that is appropriate for the offense selected by the state for sentencing. *Damron* at ¶ 17, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 41-43.

{¶9} Here, the trial court erred when it imposed sentences on all three counts, which it subsequently found to be allied offenses of similar import. Because the trial court found that the offenses were allied, a step that should occur prior to imposing a sentence, the trial court could only sentence Jones on the

offense selected by the State. *Damron* at ¶ 17. The trial court apparently attempted to achieve this result when it merged the sentences into Count One. Trial Tr., p. 442; February 28, 2012 Nunc Pro Tunc Entry, p. 1-2. This sentencing scheme, however, does not negate the error caused by imposing sentences on each count. It is well established that ordering sentences for allied offenses to run concurrently fails to satisfy the merger doctrine because the trial court has no authority to enter a sentence on any charge other than the one selected by the state for sentencing. *Damron* at ¶ 17. While the trial court did not explicitly order the sentences to be served concurrently, it did merge the sentences imposed for Counts Two and Three into Count One. This merger is tantamount to ordering Counts Two and Three to be served concurrently to Count One, and therefore is an improper attempt to merge the allied offenses. *State v. Fair*, 2d Dist. No. 24120, 2011-Ohio-3330, ¶ 78, citing *Damron* at ¶ 17. Accordingly, we must remand this matter to the trial court for a new sentencing hearing. *Whitfield* at ¶ 25.

{¶10} In a remand based solely on an allied-offenses sentencing error, which is the case here, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 15, citing *Whitfield* at ¶ 26-27. Further, only the sentences for the offenses that were affected by the appealed error are reviewed de novo. *Id.*, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph

three of the syllabus. Accordingly, upon remand, the State must select which offense it wants to pursue for sentencing, to wit: aggravated murder, aggravated burglary, or having a weapon while under disability.[4] *Wilson* at ¶ 18. Pursuant to *Whitfield*, the trial court must accept the State's selection, merge the offenses accordingly for the purpose of sentencing, and impose a sentence that is appropriate for the offense selected by the State. *Id*.

{¶11} Accordingly, we sustain Jones' sole assignment of error.

{¶12} Having found error prejudicial to Jones herein, in the particulars assigned and argued in his sole assignment of error, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[4] The State has not appealed the issue of whether the three offenses are properly considered allied offenses of similar import and we will not address that issue.