[Cite as *State v. Ndiaye*, 2014-Ohio-3206.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

       Plaintiff-Appellee,                    :              No. 13AP-964
                                                  (C.P.C. No. 12CR-2072)

v.                                                     :

                                                     (REGULAR CALENDAR)
Mohamed A. Ndiaye,                                     :

       Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on July 22, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Barnhart Law Office LLC*, and *Robert B. Barnhart*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Mohamed A. Ndiaye, appeals from a judgment entry of the Franklin County Court of Common Pleas finding him guilty, pursuant to jury verdict, of one count of aggravated robbery with a firearm specification, a felony of the first degree, and one count of robbery with a firearm specification, a felony of the second degree. Appellant's convictions were not against the manifest weight of the evidence and the trial court did not err in overruling objections regarding prosecutorial misconduct. However, the trial court plainly erred in failing to merge appellant's convictions for sentencing. Therefore, we affirm in part and reverse in part.

**I. Facts and Procedural History**

{¶ 2}   Through an indictment filed April 26, 2012, the state charged appellant with one count of aggravated robbery with firearm specification, in violation of R.C. 2911.01, and one count of robbery with firearm specification, in violation of R.C. 2911.02.  The trial court granted the state's motion to join, for purposes of trial, the charges in the April 26, 2012 indictment with charges from two other cases pending against defendant; however, this appeal concerns only the charges in the April 26, 2012 indictment.

{¶ 3}   At a trial commencing March 18, 2013, the victim, Christian Dawson, testified that on March 19, 2012 while he was outside using the telephone, a gray, new model Impala with two occupants pulled up near where he was sitting, and the passenger asked him for directions.   Dawson stated he saw the passenger get out of the vehicle. Dawson testified he went back to his phone call but he heard footsteps behind him a few seconds later and then "a gun in my face telling me I need everything."  (Tr. Vol. III, 309.) Although Dawson said he did not get a good look at the driver of the vehicle, Dawson identified appellant in court as the man who was in the passenger seat of the Impala and the same man who got out of the car, held a gun pointed in Dawson's face, and demanded all of his possessions.

{¶ 4}   The jury ultimately returned guilty verdicts for appellant as to both the aggravated robbery and the robbery charges, both with firearm specifications.  Appellant's co-defendant, Angelo Mills, was found not guilty.  The other charges tried along with the April 26, 2012 indictment were additional charges of robbery and aggravated robbery with different victims, and the jury either found appellant not guilty or was unable to reach a verdict.

{¶ 5}   Following a sentencing hearing, the trial court, in an October 22, 2013 judgment entry, sentenced appellant to seven years for the aggravated robbery conviction and seven years for the robbery conviction to run concurrently with each other and consecutive to three years for the firearm specification, for a total of ten years imprisonment.  The trial court issued a corrected and amended judgment entry on October 31, 2013 and a second corrected and amended judgment entry on November 1, 2013 to correct clerical errors.  Appellant timely appeals.

## II. Assignments of Error

{¶ 6}    Appellant assigns the following three assignments of error for our review:

1. Appellant's convictions were against the manifest weight of the evidence.

2. The trial court erred when it overruled objections to prosecutorial misconduct during closing arguments.

3. The trial court plainly erred when it failed to merge appellant's conviction for robbery with his conviction for aggravated robbery.

## III. First Assignment of Error – Manifest Weight of the Evidence

{¶ 7}    In his first assignment of error, appellant argues the manifest weight of the evidence does not support his convictions.

{¶ 8}    When presented with a manifest weight argument, an appellate court engages in a limited weighing of the evidence to determine whether sufficient competent, credible evidence supports the jury's verdict. *State v. Salinas*, 10th Dist. No. 09AP-1201, 2010-Ohio-4738, ¶ 32, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a ' "thirteenth juror" ' and disagrees with the factfinders's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). Determinations of credibility and weight of the testimony are primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Thus, the jury may take note of the inconsistencies and resolve them accordingly, "believ[ing] all, part, or none of a witness's testimony." *State v. Raver*, 10th Dist. No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67 (1964). An appellate court considering a manifest weight challenge "may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Harris*, 10th Dist. No. 13AP-770, 2014-Ohio-2501, ¶ 22, citing *Thompkins* at 387. Appellate courts should reverse a conviction as being against the manifest weight of the evidence in only the most

" 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶ 9}   Appellant contends the jury lost its way in evaluating the credibility of Dawson's testimony.  First, appellant argues Dawson's in-court identification should carry no weight because it was not accompanied by an earlier, out-of-court identification. However, a witness' inability or unwillingness to identify a defendant in a pre-trial setting does not necessarily discredit an in-court identification.  *See*, *e.g.*, *State v. Dennis*, 10th Dist. No. 05AP-1290, 2006-Ohio-5777, ¶ 13 (witness' in-court identification does not render verdict against the manifest weight of the evidence even though witness was unable to identify the defendant in a photo array prior to trial); *State v. Johnson*, 163 Ohio App.3d 132, 2005-Ohio-4243, ¶ 57 (10th Dist.) (finding a witness' failure to identify a defendant in a black-and-white photo array prior to trial did not discount the witness' confident, in-person identification of the defendant during a bindover hearing).  The jury was still able to assess Dawson's credibility as to his in-court identification as it related to his testimony as a whole and the other evidence at trial.

{¶ 10} Appellant next argues Dawson's testimony was not credible because he admitted in his testimony that he described the Impala as being gold in color at some point after the robbery even though he testified in court that the car was gray.  We again note that the jury may take note of inconsistencies and resolve them accordingly.  *Raver* at ¶ 21.  Further, Dawson offered a credible explanation of his description of the vehicle during his testimony.  When he first reported the robbery to police, Dawson described the car as being gray in color.  A few days later, he saw another Impala that looked similar to the car from the night of the robbery but was more gold in color.  He called police to tell them that it was possible the car may have been gold because the robbery occurred late at night, and the street light could have possibly made a gold car appear gray.  He testified unequivocally, however, that the night of the robbery, the car appeared to be gray.  The jury was free to believe this plausible explanation of why Dawson wavered before trial on what color the car was.

{¶ 11} Lastly, appellant argues Dawson's testimony was not credible because he once described the perpetrator as appearing to be about 14 years old.  Dawson did not state unequivocally that the man who robbed him was 14 years old; rather, Dawson

described his assailant as having the appearance of a youthful person, "like he was in his teens," and Dawson affirmatively identified appellant as the man who robbed him. (Tr. Vol. III, 316.)  The fact that appellant is older than 14 years of age does not render Dawson's testimony incredible.  The jury was able to observe appellant in court and weigh Dawson's description of his assailant along with the rest of the testimony.

{¶ 12} In summation, the jury here did not lose its way in finding Dawson's testimony to be credible.  Accordingly, the manifest weight of the evidence supports appellant's convictions, and we overrule appellant's first assignment of error.

## IV. Second Assignment of Error – Prosecutorial Misconduct

{¶ 13} In his second assignment of error, appellant argues the trial court erred in overruling his objections to prosecutorial misconduct during closing argument, thereby denying him a fair trial.  More specifically, appellant argues the prosecutor's statements during closing argument improperly shifted the burden of proof to the defense.

{¶ 14} The test for prosecutorial misconduct in closing arguments "is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant."  *State v. Smith*, 14 Ohio St.3d 13, 14 (1984), citing *United States v. Dorr*, 636 F.2d 117 (5th Cir.1981).  " '[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.' "  *State v. Wilkerson*, 10th Dist. No. 01AP-1127, 2002-Ohio-5416, ¶ 38, quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982).  Thus, prosecutorial misconduct is not grounds for reversal unless the defendant has been denied a fair trial.  *State v. Mauer*, 15 Ohio St.3d 239, 266 (1984).

{¶ 15} During the defense's closing argument, defense counsel stated "Detective Billups, who was a lead detective on [these] cases, didn't come in here and testify." (Tr. Vol. V, 531.)  When read in context, the implication of this statement was that the state had something to hide by not calling that witness.  In response, during the state's closing argument, the prosecutor stated:

> Now, let's be clear here.  I'm the only person with the burden of proof here.  The defense counsel, they don't have to prove anything.  But they have the same ability to call witnesses as I do.  They have the same ability to give you evidence that I do, and that was proven, because [defense counsel] called [another witness].  * * * If Detective Billups had something to

> hide, they should have brought him in here and drilled him like they did all of the victims, put him through the ringer and showed you if there is something he's trying to hide.

(Tr. Vol. V, 547.)  Defense counsel objected to these statements as an improper shifting of the burden of proof, and the trial court overruled that objection.  Appellant argues the trial court erred in overruling the objection and, in so doing, gave approval to the prosecutor's comments in the jury's eyes.  *State v. Keenan*, 66 Ohio St.3d 402, 410 (1993).

{¶ 16} "The prosecution is entitled to a certain degree of latitude in summation." *State v. Loughman*, 10th Dist. No. 10AP-636, 2011-Ohio-1893, ¶ 24, citing *State v. Grant*, 67 Ohio St.3d 465, 482 (1993).  The prosecution "may draw reasonable inferences from the evidence presented at trial, and may comment on those inferences during closing argument." *State v. Treesh*, 90 Ohio St.3d 460, 466 (2001), citing *State v. Smith*, 80 Ohio St.3d 89, 111 (1997).

{¶ 17} We do not find the prosecutor's statement here to be improper.  "It is long-standing precedent that the state may comment upon a defendant's failure to offer evidence in support of its case." *State v. Collins*, 89 Ohio St.3d 524, 527 (2000), citing *State v. D'Ambrosio*, 67 Ohio St.3d 185, 193 (1993); *State v. Williams*, 23 Ohio St.3d 16, 20 (1986); *State v. Petro*, 148 Ohio St. 473, 498 (1947); and *State v. Champion*, 109 Ohio St. 281, 289-90 (1924).  "Such comments do not imply that the burden of proof has shifted to the defense," and "the prosecutor is not precluded from challenging the weight of the evidence offered in support of an exculpatory theory presented by the defense." *Collins* at 527.

{¶ 18} As the prosecutor explained to the trial court, it was defense counsel who suggested the state had something to hide by not calling Detective Billups as a witness. The state had a right to respond to that comment.  Moreover, the prosecutor's wording of his response did not improperly shift the burden of proof to appellant.  The prosecutor stated twice that only the state has the burden of proof and explained it was not attempting to shift the burden of proof but only responding to defense counsel's implication that the state was hiding something.

{¶ 19} Because the prosecutor's comments were not improper, they did not operate to render appellant's trial unfair, and the trial court did not err in overruling appellant's objection.  Accordingly, we overrule appellant's second assignment of error.

**V. Third Assignment of Error – Failure to Merge**

{¶ 20} In his third and final assignment of error, appellant asserts the trial court committed plain error by failing to merge the aggravated robbery and robbery counts for sentencing.

{¶ 21} The November 1, 2013 corrected and amended judgment imposes a sentence of seven years as to the robbery charge and seven years as to the aggravated robbery charge concurrently with each other and consecutive to the three-year sentence for the firearm specification, for a total of ten years. There is no mention of merger of the offenses.

{¶ 22} "The federal and state constitutions' double jeopardy protection guards citizens against cumulative punishments for the 'same offense.' " *State v. Hall*, 10th Dist. No. 05AP-957, 2006-Ohio-2742, ¶ 16, citing *State v. Moss*, 69 Ohio St.2d 515, 518 (1982). Consistent with those provisions, Ohio's multiple count statute, R.C. 2941.25, states that where a defendant's same conduct "can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶ 23} Here, both of appellant's convictions for aggravated robbery and robbery stem from the single animus of appellant's demanding Dawson's possessions at gunpoint. The state properly concedes appellant's convictions for robbery and aggravated robbery should have been merged under R.C. 2941.25, as robbery and aggravated robbery "are allied offenses of similar import, and therefore a defendant cannot be convicted of both offenses when both are committed with the same animus against the same victim." *State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, paragraph one of the syllabus.

{¶ 24} Because appellant did not object to the trial court's failure to merge his convictions for purposes of sentencing, our review is limited to plain error. *State v. Adams*, 10th Dist. No. 13AP-783, 2014-Ohio-1809, ¶ 6, citing *State v. Taylor*, 10th Dist. No. 10AP-939, 2011-Ohio-3162, ¶ 34. A trial court's failure to merge convictions on allied offenses constitutes plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31. While the trial court imposed concurrent sentences for the robbery and aggravated robbery charges, the failure to merge is still reversible plain error because "even when the

sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law." *Id.*

{¶ 25} Because the judgment entry wrongfully sentenced appellant on each conviction, we find the trial court committed plain error in failing to merge appellant's convictions of robbery and aggravated robbery. Accordingly, we sustain appellant's third assignment of error and remand this matter to the trial court with instructions to resentence appellant through a judgment entry that properly reflects merger of the robbery and aggravated robbery counts for purposes of sentencing.

## VI. Disposition

{¶ 26} Having overruled appellant's first two assignments of error but sustained appellant's third assignment of error, we affirm in part, reverse in part, and remand this matter to the Franklin County Court of Common Pleas for resentencing with instructions consistent with this decision.

*Judgment affirmed in part and reversed in part; cause remanded with instructions.*

KLATT and DORRIAN, JJ., concur.

———————————————